IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.:

LAVERANUES COLES, and
TROUBLE LIVIN LIFE, LLC,
a Florida Limited Liability Company,

    Plaintiffs,

vs.

KONICEK & DILLON, P.C.,
an Illinois professional corporation, and
AMIR TAHMASSEBI, ESQ.,

    Defendants.
_____/

## COMPLAINT

Plaintiffs Laveranues Coles and Trouble Livin Life, LLC sue Defendants Konicek & Dillon, P.C. and Amir Tahmassebi, individually, and allege:

### JURISDICTION, PARTIES AND VENUE

1.  Jurisdiction of this Court is based on diversity of citizenship under 28 USC § 1332. The amount in controversy exclusive of interest, attorneys' fees and costs exceeds $75,000.00.

2.  Plaintiff Laveranues Coles is an individual who resides in St. Johns County, Florida.

3.  Plaintiff Trouble Livin Life, LLC is a Florida Limited Liability Company which is administratively dissolved and winding up its business. Plaintiff Laveranues Coles and Plaintiff Trouble Livin Life, LLC will collectively be referred to as "Coles."

4.  Defendant Konicek & Dillon, P.C. ("K&D") is an Illinois professional corporation doing business in the state of Florida by practicing law here.

5.	Defendant Amir Tahmassebi, Esq. ("Amir") is an individual who resides in the state of Illinois and is a partner practicing law at K&D. The acts and omissions alleged herein by Amir were conducted while practicing law in the state of Florida as a partner at K&D. At all times pertinent to these proceedings Amir acted as an agent of K&D within the scope of his authority as a K&D law partner. Therefore K&D is liable for Amir's acts and omissions.

6.	Venue is proper in this District pursuant to 28 USC § 1391 because the acts and omissions giving rise to the cause of action occurred in Duval County, Florida.

## GENERAL ALLEGATIONS

7.	While a partner at K&D, Amir has served as Coles' longstanding attorney who has represented Coles in several litigation matters in the past. At all times pertinent to the allegations in this Complaint, Amir represented Coles and provided legal advice and recommendations as to the business transaction at issue and as to the administrative procedures before the City of Jacksonville (the "City"). Amir also was Coles' litigation counsel in the federal and state court actions alleged herein.

8.	In 2013, Coles leased commercial property in the City with the intent of opening and operating a "bikini bar" that would feature non-nude dancing and would serve alcohol. Coles spent hundreds of thousands of dollars renovating the property and purchasing liquor licenses in preparation for opening and operating the bikini bar. In early 2014 Coles opened the property as a restaurant while attempting to obtain three zoning exceptions from the City. At the time Coles rented the property, Coles was permitted to operate a dancing entertainment establishment as of right without selling alcohol, but needed a zoning exception to sell alcohol. Coles also needed an exception to use the entire square footage of the property without providing additional parking.

Finally, Coles needed a waiver of local minimum distance requirements because of the location's proximity to two nearby churches.

9. To obtain zoning exceptions, City law required applicants to submit an application to the City Planning and Development Department (the "Department"). The Department then issues an advisory report to the City Planning Commission (the "Commission"). The Commission must then hold a public hearing and render a decision. An applicant can appeal an adverse decision to the City Counsel through its Land Use Zoning Committee ("LUZ Committee").

10. Coles filed applications for these three exceptions in December 2013 and January 2014. The Department issued a favorable report, but the Commission rejected Coles' applications after hearing from two community members who expressed concern about parking and the effect the bikini bar would have on development in the neighborhood. Coles did not appeal the decision to the LUZ Committee, but instead filed new applications the following year.

11. In August 2015, the Commission held another hearing. The Department again spoke favorably about the applications while community members voiced their same concerns. The Commission voted to defer the matter until their next meeting two weeks later and instructed Coles to work with the Department to address parking concerns in the interim. At this point in time in August 2015, Amir suggested that Coles retain a land use lawyer in Jacksonville.

12. On August 31, 2015, Coles' hired non-party Paul M. Hardin, Esq. as his zoning and land use lawyer. At the next Commission meeting Mr. Harden presented parking agreements that had been made with neighboring businesses. But the Commission continued to have concerns about parking and the increased number of adult businesses in the area and rejected Coles' applications. This time Coles, through Mr. Harden, appealed the decision to the LUZ Committee. The LUZ

Committee found that Coles needed to apply for an additional exception because the City had recently enacted new distance requirements between bikini bars and other adult entertainment establishments. The Committee remanded the matter back to the Commission and gave Coles 60 days to file an application for an additional exception.

13. In an email dated December 4, 2015, Mr. Hardin recommended that Coles file the application for the additional exception and to request a variance so the exception could be reheard as well. Allowing the exception to be heard was part of the remand order. Amir rejected Mr. Hardin's recommendation to file the application within the 60-day period and advised Coles to take no further action with the City.

14. K&D and Amir then took over from Mr. Harden as Coles' primary attorneys as to legal issues with the City. Instead of any further administrative proceedings with the City, Amir advised Coles to file a Section 1983 action before this Court alleging that the denial of the requests for zoning exceptions or waivers violated Coles' First and Fourteenth Amendment rights. Coles relied on Amir's recommendation, hired non-party Justin Kaplan Esq. as local counsel to allow Amir to appear before this Court *pro hac vice*, and filed suit in this Court in December 2015.

15. On March 7, 2016, the City filed its affirmative defenses specifically alleging ripeness and failure to exhaust administrative remedies. Despite fully understanding that the administrative remedies needed to be exhausted before a federal law suit was ripe, K&D and Amir did not advise Coles that the action should be voluntarily dismissed pending exhaustion of procedures and administrative remedies. Consequently, the City moved for summary judgment based on the affirmative defenses which motion was granted on December 7, 2017. This Court dismissed the law

suit without prejudice for lack of subject matter jurisdiction because the claims were not ripe without a final decision from the City. The Eleventh Circuit affirmed.

16. Instead of pursuing the administrative remedies, Amir advised Coles to file a state court action alleging promissory estoppel based on alleged misrepresentations by the City that the use of the property as a dancing entertainment establishment with alcohol sales was an acceptable use and Coles would be able to operate the intended business. The state court action was filed on December 22, 2017 while Coles' motion for rehearing of this Court's summary judgment order was pending. In the state court action, Coles sought over $500,000 in redevelopment costs and damages from lost business opportunities and revenue. The City moved for final summary judgment based on its affirmative defense that Coles' claim was not ripe for adjudication because of failure to exhaust administrative remedies. In support of the motion, the City also argued collateral estoppel, the application of sovereign immunity, and that Coles failed to state a cause of action for promissory estoppel. Amir appeared *pro hac vice* and argued the motion. On September 10, 2021, the Circuit Court for the Fourth Judicial Circuit granted summary judgment consistent with this Court's ruling and the Eleventh Circuit's holding that the claim was not ripe because Coles never completed the administrative and appellate processes with the City. The Circuit Court also ruled that the promissory estoppel claim failed as a matter of law and that the City was protected by sovereign immunity. On November 14, 2022, the First District Court of Appeal *per curiam* affirmed and issued its mandate on December 1, 2022.

17. In 2018, Coles' lease expired. During the entire period of their professional services to Coles concerning the opening and operation of the bikini bar, K&D and Amir totally ignored the

requirement that administrative procedures and remedies must first be exhausted before filing the federal and subsequent state court litigation.

18. All conditions precedent to the filing of this action have occurred or have been performed.

## COUNT I
## (PROFESSIONAL NEGLIGENCE)

19. Coles incorporates and realleges the allegations in paragraphs 1 through 18 above as if fully set forth herein.

20. Amir, while a partner at K&D, was Coles' longstanding attorney upon whom Coles relied for legal advice and recommendations.

21. At all times pertinent to these proceedings, Coles retained K&D and Amir to provide legal representation as to real property zoning and other administrative land use requirements of the City of Jacksonville and to litigate associated civil claims recommended by K&D and Amir.

22. As Coles' attorneys, K&D and Amir owed Coles a duty to use reasonable care when rendering professional legal services to Coles. Specifically, but without limitation, K&D and Amir owed Coles a duty to use reasonable care when advising Coles to file federal and state law suits without first completing the administrative process and exhausting all administrative remedies. At all pertinent times, K&D and Amir had full knowledge of the legal requirement to exhaust administrative remedies prior to filing suit. K&D and Amir ignored that legal requirement.

23. K&D's and Amir's conduct fell below the standard of care by:

    (A) Failing to fully inform and advise Coles of the legal requirement to complete the administrative process and exhaust all administrative remedies prior to filing a law suit;

  (B)  Advising Coles to file a federal lawsuit rather than do what the City specifically directed him to do with respect to seeking final approvals; and

  (C)  Advising Coles to file a state court lawsuit when this Court had already ruled that litigation was not ripe until exhaustion of administrative remedies.

  24. As a consequence of K&D's and Amir's negligence, Coles did not pursue administrative remedies which pursuit would have resulted either in the requests for variances and a waiver being granted or denied. If granted, there would have been no need for either lawsuit and the bikini bar business could have opened. If denied and the City issued a final ruling on the requests for variances and waiver, the ripeness and failure to exhaust administrative remedies affirmative defenses would not have been viable allowing the lawsuits to move forward facilitating Coles ability to prevail on his Section 1983 action before this Court. Had the Section 1983 claim been permitted to move forward on the merits, Coles would have prevailed.

  25. K&D's and Amir's negligence resulted in and was the proximate cause of Coles' damages including, without limitation, over $500,000.00 in leasehold improvements and related business expenditures associated with renovating the property. Coles' damages also include special damages resulting from Coles, in order to mitigate damages, opening a smaller-scale restaurant and bar which incurred operating losses. Special damages also include the business' lost profits and the value of the destroyed business enterprise.

  WHEREFORE Plaintiffs Laveranues Coles and Trouble Livin Life, LLC demand final judgment against Defendants Konicek & Dillon, P.C. and Amir Tahmassebi, individually, for general and compensatory damages, for special damages as alleged above, costs, pre-judgment interest, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Laveranues Coles demands a jury trial on all issues so triable as of right.

Dated: June 7, 2024.

Respectfully submitted:

        KATZMAN WASSERMAN
        BENNARDINI & RUBINSTEIN, P.A.
        *Counsel for Plaintiff*
        7900 Glades Road, Suite 140
        Boca Raton, Florida 33434
        Tel.: (561) 477-7774
        Fax: (561) 477-7447

By:    */s/ Charles J. Bennardini*
        STEVEN M. KATZMAN, ESQ.
        Florida Bar No.: 375861
        smk@kwblaw.com
        mrm@kwblaw.com
        CHARLES J. BENNARDINI, ESQ.
        Florida Bar No. 694241
        cjb@kwblaw.com
        jam@kwblaw.com