# EXPERT REPORT

# OF

# GARY S. EDINGER



# BREACHES OF THE STANDARD OF CARE

# IN THE <u>COLES VS. CITY OF JACKSONVILLE</u> LAWSUITS

BENJAMIN, AARONSON, EDINGER & PATANZO, P.A.

GARY S. EDINGER, Esquire
Florida Bar No.: 0606812
305 N.E. 1st Street
Gainesville, Florida 32601
(352) 338-4440/ 337-0696 (Fax)
GSEdinger12@gmail.com

## SCOPE OF INQUIRY

I have been tasked with examining whether the legal representation of Defendants Konicek & Dillon, P.C. and Amir Tahmassebi fell below the standard of care expected of an attorney in the following respects:

1.    Failing to fully inform and advise Plaintiffs Laveranues Coles and Trouble Livin Life, LLC of the legal requirement to complete the administrative process and exhaust all administrative remedies prior to filing a law suit;

2.    Advising Plaintiffs to file a federal lawsuit rather than do what the City of Jacksonville specifically directed them to do with respect to seeking final administrative approvals;

3.    Advising Plaintiffs to appeal from the adverse District Court opinion; and

4.    Advising Coles to file a state court lawsuit when the Federal District Court had already ruled that litigation was not ripe until administrative remedies were exhausted.

## SUMMARY OF OPINIONS

I have come to the following opinions:

A.    A competent attorney should have known that it was necessary to exhaust administrative remedies before seeking relief on an as-applied basis in Federal Court. To be blunt, the outcome experienced by Mr. Coles in his Federal litigation should have been obvious in advance of the filing.

B.    The futility argument proffered in Federal Court lacked merit. Although it is true that the political bodies serving the City of Jacksonville are

inimically hostile to adult entertainment (including bikini bars), there were no legal impediments to seeking the exceptions, approvals and variances required in order to operate a bikini bar at the subject property.

C.     The advice given by Defendants to Mr. Coles to pursue Federal litigation prior to completing the application and administrative process was not up to the standard of care of a reasonably competent attorney.

D.     The advice given by Defendants to Mr. Coles to appeal the adverse District Court decision to the Eleventh Circuit Court of Appeals was not up to the standard of care of a reasonably competent attorney. A competent Federal practitioner would have known that the District Court decision was correct and supported by well-established, binding precedent.

E.     The advice given by Defendants to Mr. Coles to file a companion state law case based on estoppel before exhaustion of those same administrative remedies was not up to the standard of care of a reasonably competent attorney.

F.     Had Defendants rendered reasonably competent advice to Mr. Coles, the Plaintiff would have avoided the several years' delay encountered in the hopeless pursuit of a Federal remedy obviously barred by the exhaustion doctrine.

G.     Had Defendants rendered reasonably competent advice to Mr. Coles, it is more likely than not that Mr. Coles would have received approval for a dancing establishment with the sale of alcohol either through the normal zoning procedures offered by the City or through litigation.

H.     Had Mr. Coles been advised to make all necessary applications (including the variance to remove the setback requirement from other adult uses)

to the City and been advised to prosecute those applications to completion, he would have either obtained the necessary approvals or conclusively eliminated the defenses of ripeness / failure to exhaust administrative remedies which doomed his Federal and state litigation.

I.      In the event that the City refused zoning permission after the exhaustion of administrative remedies, Plaintiffs would more likely than not have recovered damages in a subsequent lawsuit as a consequence of that wrongful denial or because of constitutional defects in the ordinances used to justify that denial.

## MATERIALS CONSULTED

In the course of formulating my opinions, I consulted the following materials:

1.      I followed Plaintiffs' litigation in real time when they initially brought suit against the City of Jacksonville in an effort to obtain approval for their dancing entertainment establishment ("bikini bar"). Because I engage in litigation with the City so often, I regularly track disputes between Jacksonville and adult entertainment establishments. This matter would have been brought to my attention either by press accounts or through notice from another adult business client in Jacksonville. I was aware of the District Court opinion within a few days of issuance.

2.      I reviewed several of the cases I previously litigated against the City of Jacksonville, most notably, the Eleventh Circuit's decision in Lady J. Lingerie, Inc. v. City of Jacksonville, 176 F.3d 1358 (11th Cir. 1999).

3.    I again reviewed the two Federal decisions entered in the Cole litigation in preparation for this opinion:

> Coles v. City of Jacksonville, Case No.: 3:15–cv–1521–J–34PDB, 2017 WL 6059661 (M.D. Fla. 2017)[1]
>
> Coles v. City of Jacksonville, 769 Fed. Appx. 851 (11th Cir. 2019).

I also reviewed the District Court's denial of Plaintiffs' Motion for Reconsideration reported at 2018 WL 1605839 (M.D. Fla. Apr. 3, 2018).

4.    I have reviewed multiple documents filed in the original District Court proceedings (Case No.: 15–cv–1521), including:

A.    The docket;

B.    Complaint;

C.    Expert Report of Paul M. Harden;

D.    Expert Report of Robert H. Buchanan;

E.    Plaintiffs' Motion for Partial Summary Judgment;

F.    Defendant City of Jacksonville's Motion for Summary Judgment;

G.    Plaintiffs' Response in Opposition to Defendant City of Jacksonville's Motion for Summary Judgment

5.    I reviewed the Complaint, the City's Motion for Summary Judgment and the Order Granting City of Jacksonville's Motion for Summary Judgment in the companion state court case: Coles v. City of Jacksonville, Case No.: 16-2017-CA-7868 (Fla. 4th Jud. Cir. Duval Cty).[1]

---

[1] I confirmed the per curiam affirmance of that decision reported at Coles v. City of Jacksonville, 350 So.3d 725 (Fla. 1st DCA 2022).

5.      I reviewed the Complaint and Amended Complaint filed in this action (Case No.: 24-cv-575).

7.      I reviewed the Defendants' Answer and Affirmative Defenses to the Amended Complaint in this action.

8.      I reviewed the following depositions taken in this action:

      A.      Robert H. Buchanan – Feb. 4, 2025;

      B.      Amir Tahmassebi – April 28, 2025;

      C.      Paul Harden – May 12, 2025.

9.      I reviewed Defendants Konicek & Dillon, P.C. and Amir Tahmassebi, Esq.'s Motion for Summary Final Judgment together with the attached exhibits.

10.      I reviewed the 5/28/25 draft of the Plaintiff's Response in Opposition to Defendant's Motion for Summary Final Judgment.

## STATEMENT OF EXPERTISE

I have practiced law for thirty-eight (38) years. For approximately thirty-three (33) of those years I have specialized in First Amendment litigation, with a particular focus on representing the rights of adult entertainment establishments of all kinds. That practice largely, but not exclusively, involves litigation before the Federal Courts. Attached to this statement as Exhibit "A" is a list of reported cases in which I have served as lead counsel or counsel of record. I have also litigated many additional First Amendment cases which have gone unreported.

I am a graduate of the University of Florida with a Bachelor of Science degree in Psychology awarded in 1983, and a Juris Doctor degree with Honors awarded in 1986. I am licensed to practice law in the State of Florida and have

been a member of the Florida Bar since 1986. I am also a member of the Bar of the Supreme Court of the United States, the United States Court of Appeals for the Fourth, Fifth and Eleventh Circuits, and the U.S. District Court for the Northern District of Florida, the Middle District of Florida, the Southern District of Florida, the District of Colorado, and the Eastern District of Michigan.

I have been admitted on a *pro hac vice* basis in the Northern, Middle and Southern Districts of Georgia, the Middle District of Alabama, the Eastern District of North Carolina, the District of South Carolina, the Western District of Louisiana, the Central District of California, District of Wyoming, the Eastern District of New York, the Northern District of Illinois, and the Supreme Court of Arkansas.

I have practiced extensively in State and Federal Courts, specializing in the representation of clients involved in civil liberties and civil rights cases. That practice has focused on First Amendment issues but I have routinely litigated constitutional claims based on other rights and theories. I estimate that I have litigated approximately 125 cases that would be characterized as civil rights actions. At this time, approximately 50% of my caseload consists of First Amendment litigation, although that proportion has ranged as high as 90% in past years. I also engage in the general practice of law, emphasizing civil litigation and appeals as well as corporate and transactional work.

Since 1995, I have been a member of the First Amendment Lawyers Association (FALA), a national association of attorneys who devote a significant amount of their practice to First Amendment litigation. I am a past-President and Chairman emeritus of that organization. I lecture frequently at FALA seminars on

a host of First Amendment issues including prior restraints and zoning regulations. In April 2025, I delivered a lecture at the FALA semi-annual meeting in Denver on the subject of "Moody v. Net Choice Litigation Update." I have been the primary author of two amicus curiae briefs submitted in U.S. Supreme Court cases on behalf of FALA.

I have also delivered lectures for continuing education credit on behalf of The Florida Bar and various private providers of CLE content.

During the course of my practice, I have had occasion to scrutinize and compare well over one hundred adult entertainment codes from jurisdictions all over the country. Some of that work was in connection with litigation challenging those ordinances. I have also been retained on numerous occasions by clients asking me to "scout out" potential locations for new adult entertainment establishment and to report whether operations would be feasible, given local regulations. I have also examined a great variety of adult entertainment ordinances for scholarly purposes including preparation of lectures to other attorneys on recent developments in the regulation of adult businesses.

I owned and operated an adult entertainment establishment as the Trustee for a deceased client for a period of approximately ten years. That business, Café Risque, operates a nude dance establishment in Micanopy Florida.

I have published one scholarly article in this field of inquiry: The First Amendment in Chaos: How the Law of Secondary Effects is Applied and Misapplied by the Circuit Courts, 63 *U. Miami L. Rev.* 741 (2009).

I have previously testified as an expert or provided an expert opinion in court cases. My previous work as an expert with relevance to this case involved the examination of the DuPage County, Illinois adult entertainment code to identify unique "outlier" provisions. In addition, I have previously provided an expert opinion in several cases regarding reasonable attorney's fees. Attached to this statement as Exhibit "B" is a list of cases in which I rendered an opinion as an expert witness.

## <u>EXPERIENCE SPECIFIC TO JACKSONVILLE, FLORIDA</u>

Through study over many years and over the course of decades of litigation against the City of Jacksonville, I have become intimately familiar with the City's Adult Entertainment Code (Chapter 150 and 151). I have been lead counsel in litigation challenging the City's Adult Entertainment Code almost continuously since 1995. I have attached as Exhibit "C" a list of cases brought by the undersigned against the City which are related to the Adult Entertainment Code or the enforcement thereof.

That litigation has focused on every aspect of the Jacksonville Adult Entertainment Code, from zoning, to licensing, to challenges to specific conduct regulations and penalties. Most of those cases were brought under the First Amendment, although successful claims were prosecuted under the Equal Protection Clause, Due Process and the Supremacy Clause. That representation has variously included clubs, retail stores, management personnel and exotic dancers. The overwhelming number of those cases have been litigated in Federal Court.

I have also brought or defended many actions in which Jacksonville attempted to enforce other code provisions (most notably, the City's DART program) against adult establishments. With regard to the City's DART program, I authored the ordinance which reformed the City's Code which previously allowed for emergency code enforcement closures without notice or hearing.

I was trial and appellate counsel in the seminal case of _Lady J. Lingerie, Inc. v. City of Jacksonville_, 176 F.3d 1358 (11th Cir. 1999), which set several important precedents including: (1) requiring conditional zoning laws to incorporate the FW/PBS protections for prior restraints where First Amendment businesses are affected; and (2) a prohibition against vicarious criminal liability where incarceration is an available penalty. As of the date of this Report, _Lady J. Lingerie_ has been cited 134 times by other cases with a total of 953 references, according to Westlaw.

Most recently, I was lead counsel in a broad range of challenges to the City's Adult Entertainment Code and enforcement policies brought by nearly all of the adult entertainment venues in Jacksonville. The Plaintiffs in the _Wacko's Too_ line of cases were successful on multiple claims in that lawsuit, including, _inter alia_:

1.      Prohibiting the Jacksonville Sheriff's Office from effecting custodial arrests performers for municipal violations unless they failed to qualify for a notice of appearance typically issued for such violations.

2.      Recovery of monetary damages for those custodial arrests.

3.      Recovery of monetary damages for two clubs which had been searched in violation of the Fourth Amendment.

4.    Declaration that multiple aspects of the performer licensing system imposed unconstitutional prior restraints.

5.    Striking a prohibition against simulated sex in the context of exotic dance performances.

6.    Declaration that licensing restrictions for foreign nationals was preempted by Federal immigration law.

7.    Declaration that the provisions governing review of licensing decisions following administrative denials or revocations violated due process / separation of powers.

8.    Declaration that all, or nearly all, of the penalties imposed for violating the Adult Entertainment Code were unconstitutional for imposing vicarious liability or void for vagueness.

That litigation resulted in two published decisions at the District Court level: Wacko's Too, Inc. v. City of Jacksonville, 522 F.Supp. 3d 1132 (M.D. Fla. 2021) and Wacko's Too, Inc. v. City of Jacksonville, 658 F.Supp. 3d 1086 (M.D. Fla. 2023). In addition, a Consent Order was entered governing the issue of custodial arrests of performers. Most recently, the Eleventh Circuit upheld a prohibition against performers under the age of 21 and certain licensing provisions in a significant case stemming from an appeal from the latter two decisions. See, Wacko's Too, Inc. v. City of Jacksonville, 134 F.4th 1178 (11th Cir. 2025).

In addition to litigation which directly challenged the Jacksonville Adult Entertainment Code, facially or applied, I have represented clients seeking to open bikini bars in administrative proceedings before the City. One of those cases

involved an application for a special exception very much like the one at issue in
the Coles v. Jacksonville case. Another involved a request to rezone property to
CCG-2 to allow for the eventual operation of a bikini bar (which would have
required a special exception as well).

I have also represented clients in codes and permit disputes in
administrative matters before the City. Those includes special code enforcement
proceedings both before and after the reforms to the City's DART procedures.
They have also included attempts to revoke permits under the City's Adult
Entertainment Code.

## STATEMENT AS TO COMPENSATION

I am to be compensated at the rate of $450.00 per hour for this Report. As
of the drafting of this report, I estimate that 27.80 hours have been devoted to
this project to date, which amounts to $12,195.00.[2]

## STATEMENT OF OPINION

Practice before the Federal Courts is challenging. There are numerous
threshold issues of prudential and constitutional standing as well as abstention
doctrines that are not encountered on a regular basis in the state court system.
Federal practitioners must be cognizant of those issues and litigation strategy must
incorporate those concerns into every aspect of the case. By way of example, an
experienced litigator will know that Younger abstention will almost certainly bar a

---

[2] The total amount charged is somewhat lower that the hours times the rate as
some services were "no charged" in the exercise of reasonable billing judgment.

constitutional claim against an ordinance in Federal Court while a local government is actively enforcing the same ordinance against the potential plaintiff in code enforcement proceedings or state court. Similarly, a competent litigation attorney will know that administrative remedies must be exhausted before an as-applied challenge can be pursued in Federal Court.

## CONTROLLING LAW

The doctrine of exhaustion of remedies involves a particular application of ripeness – a fundamental jurisdictional requirement ultimately derived from the "Case or Controversy" Clause of the Constitution.

The Eleventh Circuit's decision in the Coles case correctly sets forth the principle of exhaustion of remedies which applies to all as-applied due process challenges to zoning decisions:

> We have held that when a plaintiff brings an as-applied due process challenge to a municipality's zoning decision, the claim "is not ripe until the decision denying commercial zoning has been finally made and applied to the property." Eide v. Sarasota County, 908 F.2d 716, 726 (11th Cir. 1990). A final zoning decision by the municipality is a prerequisite for a federal suit because "zoning is a delicate area where a [municipality]'s power should not be usurped without giving the [municipality] an opportunity to consider concrete facts on the merits prior to a court suit." Id. at 726 n. 17. When a municipality's "variance process explicitly provides for an 'appeal' to the authoritative local decisionmaker ... the appeal must be fully pursued before any definitive 'final' decision occurs." Reahard v. Lee County, 30 F.3d 1412, 1416 n. 10 (11th Cir. 1994).

Coles v. City of Jacksonville, 769 Fed. Appx. at 854. It is noteworthy that the cases cited by the Eleventh Circuit are from the previous century; the law has been well-established for a very long period of time.

In addition, the exhaustion requirement is not unique to the Eleventh Circuit but is regularly enforced by the Supreme Court and adopted in Circuits across the country. In the trial court decision, the District Judge collected some of those cases. *See*, <u>Coles v. City of Jacksonville</u>, 2017 WL 6059661 at *9–10.

In short, a competent practitioner litigating in Federal Court will be expected to be aware of the requirement that administrative remedies be exhausted before an as-applied zoning claim can be filed. That is the minimum standard of care expected of a Federal litigator. A competent attorney practicing in Federal Court will also be expected to advise his client of the exhaustion requirement so that the client will know that he must secure a final administrative ruling before resorting to the Federal Court.

## **THE FUTILITY ARGUMENT**

I am sympathetic to the difficulties Mr. Coles and his counsel experienced with the City of Jacksonville as I have encountered those same difficulties in the course of my practice over many years. In my experience, Jacksonville's Planning and Zoning staff are competent and provide neutral recommendations as they did in Mr. Coles' case. In my experience, appointed and elected officials in Jacksonville are instead ruled by political concerns, including deep opposition to adult entertainment in all its forms.

However, there were no legal impediments to the exceptions, waivers and variances Mr. Coles had to obtain in order to operate a bikini bar. There were clearly procedures available to obtain that relief. The City appears to have followed those procedures. The remand obtained by Mr. Harden was an appropriate step

in the administrative process which, unfortunately, was not pursued to a conclusion. The failure to make the proper applications and pursue administrative remedies doomed the futility defense from the outset as noted by both the District Court and the Eleventh Circuit.

## THE LIKELIHOOD OF SUCCESS ON THE MERITS IF ADMINISTRATIVE REMEDIES HAD BEEN EXHAUSTED

It is more likely than not that Mr. Coles would have been successful in opening and operating his bikini bar had Defendants advised him to exhaust administrative remedies before resorting to litigation.

The possibility always existed that the City would grant the required zoning approvals through its normal administrative processes. The evidence in support of the three original waivers was overwhelming. The variance required for the adult use setback appears to be functionally similar to the administrative waiver allowed for setbacks between churches and alcoholic beverages establishments. Accordingly, the City may well have elected to treat the adult business setback as one requiring an administrative waiver as opposed to a common law variance. In that event, Mr. Coles could present facts which strongly supported a waiver, including the historic use of the subject property and the intensely developed nature of the surrounding properties.

If the application was ultimately treated as a traditional variance request, Mr. Coles could raise constitutional concerns under the First Amendment which might render that property sufficiently unique as to require issuance of a variance. In particular, the First Amendment requires that municipalities provide sufficient

sites for adult businesses to open and operate. *See*, <u>City of Renton v. Playtime
Theatres, Inc.</u>, 475 U.S. 41 (1986); *See, also*, <u>Centerfold Club, Inc. v. City of St.
Petersburg</u>, 969 F. Supp. 1288, 1305–06 (M.D. Fla. 1997). There is good reason
to believe that Jacksonville did not have sufficient sites for adult businesses during
the time period when Mr. Cole's application was pending. The City would have
been obligated to take that information into account when assessing the variance
application.[3]

That is a long way of saying that a variance from the adult use setback
requirement would be difficult to obtain. However, the process was plainly available
and cannot be considered to be a legally futile one.[4] Accordingly, exhaustion of
those administrative remedies would be necessary to raise Federal claims. Those
Federal claims had significant merit once the affirmative defense of exhaustion
became unavailable to the City.

I do not consider the claim of estoppel filed in the state Circuit Court to be
meritorious. However, whatever the substantive merits of that claim, it is clear that
the action was doomed at the outset because of the failure to exhaust remedies –
a point elaborated upon by the Circuit Court Judge.

---

[3]   The alternative avenues of communication issue could also be presented as a
stand-alone claim in a Federal action alleging violation of Mr. Coles' First
Amendment rights.

[4]   A refusal by the City to grant a variance from its adult business setback
requirement would actually enhance Mr. Coles' arguments in Federal Court. That
is because the City could not then rely on the possibility of waivers as a way of
increasing the number of potential locations in a site-availability challenge. I note
that other constitutional claims Mr. Coles might have asserted – particularly the
lack of secondary effects supporting regulation of bikini bars – are entirely
independent of these zoning questions.

If the exhaustion requirement had been met, Mr. Coles would have had a number of viable avenues available to him. He could bring a state court certiorari action to review any zoning denials. As noted above, it is more likely than not that Mr. Coles could present a factual basis for the various zoning approvals which could not be lawfully rejected by the City.

In addition, Mr. Coles had a number of viable constitutional claims available to him in Federal Court.[5] Those claims would include the First Amendment claims unsuccessfully asserted in the previous Federal action.[6] I note that the original District Judge expressed some understanding that Mr. Coles' application faced political opposition which might amount to content-based discrimination against exotic dance.[7]

---

[5] While not commonly known, Mr. Coles could likely have brought his state law certiorari claim in the Federal Court under the Court's supplemental jurisdiction. This would have avoided the risk of bias or legal naivete which might accompany review in the state court system. *See*, City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156 (1997); *See, also*, Flava Works, Inc. v. City of Miami, Fla., 559 F. Supp. 2d 1318, 1324–25 (S.D. Fla. 2008). I would not hold these Defendants to that level of specialized knowledge, but a savvy practitioner could take advantage of supplemental jurisdiction in this case.

[6] Because the original Federal case was not ripe, the action was dismissed without prejudice, meaning that there was no decision on the substantive merits. Those claims could have been refiled as soon as the dispute ripened.

[7] In his deposition, Mr. Tahmassebi discussed a demand letter which implied that the discrimination suffered by Mr. Coles was racially motivated. Knowing what I do of the City, that claim strikes me as unlikely and an unnecessary distraction. Discrimination based on content (i.e. objections to sexually expressive speech) seems much clearer historically and on this record. In addition, First Amendment content-based claims draw strict scrutiny whereas Fourteenth Amendment Equal Protection claims draw only "heightened scrutiny" and must be based on an underlying fundamental right to boot.

In addition to those claims, it occurs to me that other meritorious First Amendment claims could have been asserted which were not raised in the original Federal action. Jacksonville is either the only, or one of a vanishingly small number of jurisdictions, which imposes zoning restrictions on bikini bars (as opposed to nude or topless clubs). Jacksonville's ordinance remains vulnerable to a "secondary effects challenge" for this reason. *See*, City of Los Angeles v. Alameda Books, Inc., 535 U.S. 425 (2002). Changes in the City's ordinances and demographics since the Lady J Lingerie decision may also have eliminated sufficient sites that were previously available for adult businesses so that the current ordinance is vulnerable to a "site availability" / alternative avenues challenge under City of Renton *supra*, and its progeny. Practitioners other than myself have also had good success in litigating against the City's adult entertainment code under both as-applied and facial challenges. *See, e.g.*, Albanese Enterprises, Inc. v. City of Jacksonville, 2014 WL 585425, at *2 (M.D. Fla. 2014).

Finally, when pressed hard, the City sometimes settles specific adult entertainment cases in a way which allows adult businesses to open and operate under the City's Code. The City recently attempted to shut down essentially all of its adult retail stores through its certificate of use requirement. Following litigation, the City agreed to creatively redefine the standards used to distinguish fully adult stores from "percentage stores". All of the plaintiffs received their COUs.

## <u>CONCLUSION</u>

In summary, had Mr. Coles been advised to exhaust his administrative remedies, there would have been multiple pathways available through the rezoning process or litigation which would have led, more likely than not, to the successful permitting of his desired dancing entertainment establishment (bikini bar). Furthermore, Mr. Coles would have avoided the several years of delay spent in pursuit of the ill-advised and doomed Federal and state court litigation.

I reserve the right to supplement or amend this opinion should that become necessary in light of deposition testimony not yet taken or transcribed.

## DECLARATION OF GARY S. EDINGER

### [28 U.S.C. § 1746]

I, GARY S. EDINGER, declare as follows:

1.      I am over 18 years and fully competent to make this Declaration. If called as a witness I could and would testify in accordance with this Report.

2.      The statements and opinions in the above Report are true and correct.

3.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  June 2, 2025.

GARY S. EDINGER, Esquire
Florida Bar No.: 0606812
BENJAMIN, AARONSON, EDINGER &
PATANZO, P.A.
305 N.E. 1st Street
Gainesville, Florida 32601
(352) 338-4440/ 337-0696 (Fax)
GSEdinger12@gmail.com

# EXHIBIT "A"

## LIST OF REPORTED DECISIONS

The following is a list of reported decisions in which Gary S. Edinger was involved, including decisions published with a "Westlaw citation" only.[1] Unless otherwise stated, Mr. Edinger was lead counsel or counsel of record in each case.[2]

Cases designated in bold involve First Amendment issues or adult entertainment.

Case designated with an asterisk are important precedents because they are widely cited, they were cases of first impression or they are otherwise significant in their field

Cases which were per curiam affirmed, dismissed, denied or otherwise summarily disposed of are listed at the end.

## UNITED STATES SUPREME COURT

\* **Thomas v. Chicago Park Dist.,**
   **534 U.S. 316, 122 S. Ct. 775 (2002) (On Briefs; at counsel table for oral argument)**

## STATE SUPREME COURT

\* **Retail Corp. v. City of Clarksville**
   **2012 Ark. 422 424 S.W. 3d 823 (Ark. 2012)**

## U.S. CIRCUIT COURTS OF APPEAL

**Eleventh Circuit**

\* **Lady J. Lingerie, Inc. v. City of Jacksonville**
   **176 F.3d 1358 (11th Cir. 1999)**

\* **Wacko's Too, Inc. v. City of Jacksonville,**
   **134 F.4th 1178 (11th Cir. 2025)**

---

[1]   Some cases are reported more than once. Information is provided for each reported decision where those separately-reported decisions are precedential or otherwise significant.

[2] Cases which addressed only procedural or routine discovery matters have been omitted unless they were significant rulings in some respect.

* <u>FF Cosmetics FL, Inc. v. City of Miami Beach</u>
  866 F.3d 1290 (11th Cir. 2017)

* <u>Fly Fish, Inc. v. City of Cocoa Beach</u>
  337 F.3d 1301 (11th Cir. 2003)

* <u>Daytona Grand, Inc. v. City of Daytona Beach, Fla.</u>
  490 F.3d 860 (11th Cir. 2007)

* <u>Cafe Erotica of Florida, Inc. v. St. Johns County</u>
  360 F.3d 1274 (11th Cir. 2004)

* <u>Cafe 207, Inc. v. St. Johns County</u>
  989 F.2d 1136 (11th Cir. 1993)

* <u>Cheshire Bridge Holdings, LLC v. City of Atlanta, Georgia</u>
  777 Fed.Appx. 310 (11th Cir. 2019)

* <u>Lexra, Inc. v. City of Deerfield Beach, Fla.</u>
  593 Fed.Appx. 860 (11th Cir. 2014)

  <u>Augusta Video, Inc. v. Augusta-Richmond County</u>
  2009 WL 783344 (S.D. Ga. 2009)

* <u>Augusta Video, Inc. v. Augusta-Richmond County, GA</u>
  249 Fed.Appx. 93 (11th Cir. 2007)

  <u>Tokyo Gwinnett, LLC v. Gwinnett Cnty., Georgia,</u>
  2024 WL 80578 (11th Cir. 2024)

  <u>Club Madonna, Inc. v. City of Miami Beach</u>
  924 F.3d 1370 (11th Cir. 2019)

  <u>Isle of Dreams, LLC v. City of North Bay Village, Fla.</u>
  513 Fed.Appx. 917 (11th Cir. 2013)

  <u>Allied Veterans of the World, Inc.: Affiliate 67 v. Seminole County, Fla.</u>
  468 Fed.Appx. 922 (11th Cir. 2012)

  <u>Flava Works, Inc. v. City of Miami, FL</u>
  609 F.3d 1233 (11th Cir. 2010)

  <u>Cannabis Action Network, Inc. v. City of Gainesville</u>
  231 F.3d 761 (11th Cir. 2000)

  <u>Garcia-Acuna v. U.S. Atty. Gen.</u>

366 Fed.Appx. 986 (11th Cir. 2010)

U.S. v. Feigin
  365 Fed.Appx. 180 (11th Cir. 2010)

## Fourth Circuit

\* **Am. Entertainers, L.L.C. v. City of Rocky Mount, N. Carolina,**
**888 F.3d 707 (4th Cir. 2018)**

## Seventh Circuit

\* **Camelot Banquet Rooms, Inc. v. United States Small Bus. Admin.,**
**No. 21-2589, 2021 WL 4189199 (7th Cir. Sept. 15, 2021)** (Of counsel)

# U.S. DISTRICT COURTS

\* **Lady J. Lingerie, Inc. v. City of Jacksonville**
**973 F.Supp. 1428 (M.D. Fla. 1997)**

\* **ATM Exp., Inc. v. City of Montgomery, Alabama**
**376 F.Supp.2d 1310 (M.D. Ala. 2005)**

\* **ATM Exp., Inc. v. Montgomery, Alabama**
**516 F.Supp.2d 1242 (M.D. Ala. 2007)**

\* **Red-Eyed Jack, Inc. v. City of Daytona Beach**
**322 F.Supp.2d 1361 (M.D. Fla. 2004)**

\* **Red-Eyed Jack, Inc. v. City of Daytona Beach**
**165 F.Supp.2d 1322 (M.D. Fla. 2001)**

\* **Howard v. City of Jacksonville**
**109 F.Supp.2d 1360 (M.D. Fla. 2000)**

\* **Kastritis v. City of Daytona Beach Shores**
**835 F.Supp.2d 1200 (M.D. Fla. 2011)**

**8330 Tokyo Valentino, LLC v. City of Miami, Fla.**
**990 F.Supp.2d 1327 (S.D. Fla. 2013)**

\* **DV Diamond Club of Flint, LLC v. United States Small Business Administration**
**459 F.Supp.3d 943 (E.D. Mich. 2020)**

**Club Madonna, Inc. v. City of Miami Beach**
500 F.Supp.3d 1304 (M.D. Fla. 2020)

* **Wacko's Too, Inc. v. City of Jacksonville,**
522 F.Supp. 3d 1132 (M.D. Fla. 2021)

* **Pernell v. Florida Bd. of Governors of State Univ. Sys.,**
641 F. Supp. 3d 1218 (N.D. Fla. 2022)  (Local counsel and on briefs)

* **Wacko's Too, Inc. v. City of Jacksonville,**
658 F.Supp.3d 1086 (M.D. Fla. 2023)

**NFC Freedom, Inc. v. Diaz,**
700 F. Supp. 3d 1057 (N.D. Fla. 2023)

**Gainesville Residents United, Inc. v. Desantis,**
2023 WL 11891265 (N.D. Fla. 2023)

**1290 Clothing Co., LLC v. Cobb County, Georgia**
2021 WL 2186988 (N.D. Ga. 2021)

**DV Diamond Club of Flint, LLC v. United States Small Business Administration**
2020 WL 2467849 (E.D. Mich. 2020)

**Allied Veterans of World, Inc. Affiliate 67 v. Seminole County, Fla.**
783 F.Supp.2d 1197 (M.D. Fla. 2011)

**ATM Express, Inc. v. Montgomery, Alabama**
2007 WL 1771388 (M.D. Ala. 2007)

**Silver Spurs, Inc. v. Town of Palm Shores**
1997 WL 809203 (M.D. Fla. 1997)

**B&G Opa Holdings, Inc. v. City of Opa Locka, Florida**
2020 WL 5817235 (S.D. Fla. 2020)

**American Entertainers, L.L.C. v. City of Rocky Mount, North Carolina**
2017 WL 1383708 (E.D. N.C. 2017)

**American Entertainers, L.L.C. v. City of Rocky Mount, North Carolina**
2016 WL 4728077 (E.D. N.C. 2016)

**Osmar v. City of Orlando**
2012 WL 1252684 (M.D. Fla. 2012)

**H & J Land Investments, Inc. v. City of Jacksonville**

2014 WL 4540200 (M.D. Fla. 2014)

<u>Augusta Video, Inc. v. Augusta-Richmond Cty.,</u>
2010 WL 317476 (S.D. Ga. Jan. 26, 2010)

<u>Augusta Video, Inc. v. Augusta-Richmond County, Ga.</u>
2009 WL 2632243 (S.D. Ga. 2009)

<u>Augusta Video, Inc. v. Augusta-Richmond County, Georgia</u>
2006 WL 8436086 (S.D. Ga. 2006)

<u>Retail Enterprises, Inc. v. King ex rel. Fifth Judicial Circuit, Florida</u>
2006 WL 1626997 (M.D. Fla. 2006)

<u>Bledsoe v. City of Jacksonville Beach</u>
20 F.Supp.2d 1317 (M.D. Fla. 1998)

<u>Allied Veterans of the World, Inc. v. Phone-Sweeps, LLC</u>
2012 WL 3111992 (M.D. Fla. 2012)

<u>Allied Veterans of the World, Inc. v. Seminole County, Fla.</u>
2011 WL 3958437 (M.D. Fla. 2011)

<u>Cafe Erotica/We Dare to Bare/Adult Toys/Great Food/ Exit 94, Inc. v. St. John's
County</u>
143 F.Supp.2d 1331 (M.D. Fla. 2001)

<u>Cafe Erotica/We Dare to Bare/Adult Toys/Great Food/Exit 94, Inc. v. St. Johns
County</u>
2001 WL 34107041 M.D. Fla, 2001)

<u>Florida Cannabis Action Network, Inc. v. City of Jacksonville</u>
130 F.Supp.2d 1358 (M.D. Fla. 2001)

<u>Wacko's Too, Inc. v. City of Jacksonville</u>
2005 WL 8159659 (M.D. Fla. 2005)

<u>Pollitz v. Halifax Health</u>
2015 WL 4987732 (M.D. Fla. 2015)

<u>Alachua Retail 51, L.L.C. v. City of Alachua</u>
2012 WL 1313477 (N.D. Fla. 2012)

<u>Jacksonville Visuals, L.L.C. v. City of Jacksonville</u>
2011 WL 13295273 (M.D. Fla. 2011)

**Hall v. Jarvis**
**2011 WL 971125 (M.D. Fla. 2011)**

**Jacksonville Visuals, LLC v. City of Jacksonville**
**2010 WL 11623205 (M.D Fla. 2010)**

**Retail Enterprises, Inc. v. Farmer**
**2006 WL 1096255 (Fla. M.D. Fla. 2006)**

**Toy Box, Inc. v. Bay County**
**989 F.Supp. 1183 (N.D. Fla. 1997)**

**Cafe 207, Inc. v. St. Johns County**
**856 F.Supp. 641 (M.D. Fla. 1994)**

**Michel-Trapaga v. City of Gainesville**
**907 F.Supp. 1508 (N.D. Fla. 1995)**


**Performer FLSA Litigation**

**Jackson v. Maria D's, Inc.**
**2021 WL 2868042 (M.D. Fla. 2021)**

**Santeiro v. Wacko's Too, Inc.**
**2020 WL 10476477 (M.D. Fla. 2020)**

**Ortiz v. Pin Ups of Daytona Beach, LLC**
**2020 WL 10456855 (M.D. Fla. 2020)**

**Santeiro v. Wacko's Too, Inc.**
**2019 WL 12523745 (M.D. Fla. 2019)**

**Santeiro v. Wacko's Too, Inc.**
**2018 WL 11344442 (M.D. Fla. 2018)**

**Cervello v. Wacko's Too, Inc.**
**2018 WL 1763647 (M.D. Fla. 2018)**


**Unauthortized Use of Likeness**

**Taylor v. Trapeze Management, LLC**
**2019 WL 1468515 (S.D. Fla. 2019)**

**Taylor v. Trapeze Management, LLC**
**2018 WL 9708619 (S.D. Fla. 2018)**

**Gibson v. MHHS-Sinsations, LLC**
**2018 WL 3625783 (M.D. Fla. 2018)**


**Other Issues (Diversity Cases or Non-First Amendment Matters)**

Milward v. Shaheen
2017 WL 3662432 (M.D. Fla. 2017)

Rovt v. Big Al's Gun and Pawn, Inc.
2019 WL 160620 (S.D. Fla. 2019)

Belacon Pallet Services, LLC v. Amerifreight, Inc.
2016 WL 8999936 (N.D. Fla. 2016)

Summers v. City of Daytona Beach
2013 WL 360376 (M.D. Fla. 2013)

National Alliance for Accessability, Inc. v. Hull Storey Retail Group, LLC
2012 WL 3853455 (M.D. Fla. 2012)

Drury v. Volusia County
2012 WL 162362 (M.D. Fla. 2012)

Smith v. Volusia County, Fla.
2011 WL 1598741 (M.D. Fla. 2011)

Kingsley Development II v. Mize
2011 WL 13176151 (M.D. Fla., 2011)

Drury v. Volusia County
2011 WL 1625042 (M.D. Fla. 2011)

Grapski v. Barcia
2011 WL 3477041 (N.D. Fla. 2011)

Edwards v. Berard
2010 WL 11643345 (N.D. Fla. 2010)

## FLORIDA STATE COURT CASES

\* **Logue v. Book**
**297 So.3d 605 (Fla. 4th DCA 2020) (*En banc*)**

\* **Vrasic v. Leibel**
**106 So.3d 485 (Fla. 4th DCA 2013)**

\* **Miami-Dade County v. Miami Gardens Square One, Inc.**
**314 So.3d 389 (Fla. 3d DCA 2020)**

\* **Cafe Erotica v. Florida Dept. of Transp.**
**830 So.2d 181 (Fla. 1st DCA 2002)**

Sullivan v. Florida Dept. of Environmental Protection
890 So.2d 417 (Fla. 1st DCA 2004)

**Cafe Erotica/We Dare To Bare/Adult Toys/Great Food/Exit 94, Inc. v. Florida Dept.**
**of Transp.**
**833 So.2d 300 (Fla. 1st DCA 2002)**

**Sweet v. City Com'n for City of Key West**
**2003 WL 24033702 (Fla. 17th Jud. Cir. Monroe Cty 2003)**

**Misty's Cafe, Inc. v. Leon County**
**640 So.2d 170 (Fla. 1st DCA 1994)**

Radhe Krishna LLC v. State
192 So.3d 475 (Fla. 1st DCA 2016)

Stelmack v. State
58 So.3d 874 (Fla. 2d DCA 2010)  (Amicus Curiae Brief)

Mize v. Mize
45 So.3d 49 (Fla. 1st DCA 2010)

Goswami v. Lennox Industries, Inc.
947 So.2d 1221 (Fla. 1st DCA 2007)

Winddancer v. Stein
765 So.2d 747 (Fla. 1st DCA 2000)

Paletti v. Corbin
717 So.2d 1056 (Fla. 1st DCA 1998)

Blazevski v. Blazevski
625 So.2d 115 (Fla. 5th DCA 1993)

Silber v. Negrin
845 So.2d 1032 (Fla. 1st DCA 2003)

Silber v. Negrin
745 So.2d 523 (Fla. 1st DCA 1999)

Abruzzo v. Baur
708 So.2d 346 (Fla. 1st DCA 1998)

Parnell v. St. Johns County
603 So.2d 56 1992 (Fla. 5th DCA 1992)

Paletti v. Corbin
742 So.2d 343 (Fla. 1st DCA 1999)

Spurlock v. Spurlock
552 So.2d 326 (Fla. 1st DCA 1989)

## CASES DISPOSED OF SUMMARILY

**7020 Entertainment, LLC v. Miami-Dade County**
**2021 WL 2303025 (11th Cir. 2021)**

**Lexra, Inc. v. City of Deerfield Beach**
**667 Fed.Appx. 747 2016 WL 3564382 (11th Cir. 2016)**

**Cafe 207, Inc. v. St. Johns County**
**66 F.3d 272 (11th Cir. 1995)**

**Pollitz v. Halifax Staffing, Inc.**
**224 So.3d 245 (Fla. 5th DCA 2017)**

Citrus Park Mall Owner, LLC v. Master Collision Repair, Inc.,
No. 2D2024-1776, 2025 WL 1450357 (Fla. 2d DCA May 21, 2025)

Neto v. Nat'l Ass'n for Cave Diving, Inc.,
234 So.3d 667 (Fla. 1st DCA 2017)

Radhe Krishna LLC v. State,
192 So.3d 475 (Fla. 1st DCA 2016)

Blake v. Kirby
138 So.3d 440 (Fla. 1st DCA 2014)

Fustolo v. Old Hill Partners Inc.
264 So.3d 142 (Fla. 1st DCA 2019)

Grubbs v. Grubbs
149 So.3d 31 (Fla. 5th DCA 2014)

Anderson By and Through Anderson v. Lore
618 So.2d 369  (Fla. 1st DCA 1993)

Hunt v. Hall
1 So.3d 179  (Fla. 1st DCA 2009)

Hunt v. Hunt
713 So.2d 1117 (Fla. 1st DCA 1998)

# EXHIBIT "B"

# **EXPERT TESTIMONY IN LAST TEN YEARS**

<u>Edward Lewis Tobinick, MD v. Novella</u>, 848 F.3d 935 (11th Cir. 2017)  - Expert for Appellee / Defendant


<u>Shand's Teaching Hospital and Clinics. Inc. v. Mercury Insurance Company of Florida</u>, Case No.: 2016-CA-3631 (Fla. 8th Jud. Cir. Alachua Cty) – Expert for Plaintiff


<u>Shand's Teaching Hospital and Clinics. Inc. v. Allstate Insurance Company</u>, Case No.: 2013-CA-2939 (Fla. 8th Jud. Cir. Alachua Cty) – Expert for Plaintiff


<u>Zebulon Enterprises, Inc. v. DuPage County, Illinois</u>, Case Number 1:19-cv-05165 (N.D. Illinois) – Expert for Plaintiff

# EXHIBIT "C"

## <u>LIST OF JACKSONVILLE SPECIFIC CASES</u>

### <u>FIRST AMENDMENT LITIGATION – FEDERAL COURT</u>

<u>Lady J. Lingerie, Inc. v. City of Jacksonville</u>, 973 F.Supp. 1428 (M.D. Fla. 1997)

<u>Lady J. Lingerie, Inc. v. City of Jacksonville</u>, 176 F.3d 1358 (11th Cir. 1999)

<u>Howard v. City of Jacksonville</u>, 109 F. Supp. 2d 1360 (M.D. Fla. 2000)

<u>Wackos Too, Inc., et al v. City of Jacksonville, et al</u>, Case No.: 3:03-cv-271-J-32MMH (M.D. Fla.) (Settled)

<u>Wackos Too, Inc., et al v. City of Jacksonville</u>, Case No.: 3:04-cv-01307-TJC-MCR (M.D. Fla.) (Settled)

<u>Jacksonville Visuals, L.L.C. v. City of Jacksonville</u>, Case No.: 3:05-CV-512-J-25-MMH (M.D. Fla.) (Settled)

<u>Emperor's Gentlemen's Club Inc., et al v. City of Jacksonville</u>, Case No.: 3:05-cv-1217-HLA-TEM (M.D. Fla.) (Settled)

<u>Jacksonville Visuals, L.L.C. v. City of Jacksonville</u>, Case No.: 3:08-cv-821-J-25TEM (M.D. Fla.) (Settled)

<u>Jacksonville Property Rights Association, Inc., et al v. City of Jacksonville</u>, 3:08-cv-887-J-25JRK (M.D. Fla.) (Settled)

<u>H & J Land Investments, Inc. et al v. City of Jacksonville, et al</u>, 3:13-cv-1174-MMH-PDB (M.D. Fla.) (Settled)

<u>Wackos Too, Inc., et al v. City of Jacksonville, et al</u>, Case No.: 3:18-cv-74-TJC-MCR (M.D. Fla.) (Settled)

<u>Wackos Too, Inc., et al v. City of Jacksonville, et al</u>, Case No.: 3:20-cv-303-TJC-MCR (M.D. Fla.) (Settled)

<u>Sunset Novelties of Jacksonville #1, LLC, et al v. City of Jacksonville</u>, 3:21-cv-00796-TJC-PDB (Settled)

<u>Wacko's Too, Inc. v. City of Jacksonville</u>, 522 F.Supp. 3d 1132 (M.D. Fla. 2021)

<u>Wacko's Too, Inc. v. City of Jacksonville</u>, 658 F.Supp. 3d 1086 (M.D. Fla. 2023)

<u>Wacko's Too, Inc. v. City of Jacksonville</u>, 134 F.4th 1178 (11th Cir. 2025)

**ADULT ENTERTAINMENT LITIGATION – STATE COURT**

Emperor's Gentlemen's Club Inc., et al v. City of Jacksonville, Case No.: 2007-CA-4306-
MA (Fla. 4th Jud. Cir. Duval Cty.) (Settled)

**CONSTITUTIONAL DEFENSE OF MANAGER / PERFORMER CITATIONS –
STATE COURT**

Multiple (universally successful) defenses of managers and performers involving citations
for "costume violations" or permitting various "conduct violations". A representative
sampling of such cases include:

Juan R. Escobar v. State of Florida, Case No.: 2007-AP-073 (Fla. 4th Jud. Cir. Duval Cty.)

State of Florida v. Krystal M. Peeler, Case No.: 2007-MO-13924 (Duval Cty Ct)

State of Florida v. Billy G. Mcknatt, Case No.: 2007-MO-19906 (Duval Cty Ct)

State of Florida v. Raymond Ansorge, Case No.: 2007-MO-017923 (Duval Cty Ct)

State of Florida v. Henry M. Rehrer, Case No.: 2008-MO-005914 (Duval Cty Ct)

State of Florida v. Kenneth L. Burroughs, Case No.: 2009-MO-012045 (Duval Cty Ct)

City of Jacksonville v. James M. Callahan, Case No.: 2019-IN-14172 (Duval Cty Ct)