IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAVERANUES COLES, an individual and
TROUBLE LIVING LIFE LLC, a Florida
Limited Liability Company,

        Plaintiffs,

v.                                    CASE NO.   3:15-cv-1521-MMH-PDB

CITY OF JACKSONVILLE, a Florida
Municipal Corporation,

        Defendant.

_____/

## DEFENDANT CITY OF JACKSONVILLE'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CITY OF JACKSONVILLE (the "City"), hereby answers and defends the Complaint in the above-entitled action and, in response to the correspondingly numbered paragraphs thereof, states and alleges as follows:

### Nature of the Case

The City admits, for jurisdictional purposes only, that this case was brought pursuant to 42 U.S.C. § 1983; otherwise denied.

### Jurisdiction

1.      Admitted for jurisdictional purposes only; otherwise, denied.

2.      The City expressly refers to the United States Code cited in Paragraph 2 for its terms and denies all allegations of Paragraph 2 to the extent such allegations are inconsistent therewith.

3.      The City expressly refers to the Federal Rule of Civil Procedure 65 cited in Paragraph 3 for its terms and denies all allegations of Paragraph 3 to the extent such allegations are inconsistent therewith.

4.      The City expressly refers to the United States Code cited in Paragraph 4 for its terms and denies all allegations of Paragraph 4 to the extent such allegations are inconsistent therewith.

5.      The City expressly refers to the United States Code and the First and Fourteenth Amendments to the Constitution cited in Paragraph 5 for its terms and denies all remaining allegations of Paragraph 5.

6.      The City expressly refers to the First and Fourteenth Amendments to the Constitution cited in Paragraph 6 for its terms and denies all remaining allegations of Paragraph 6.

**Venue**

7.      Admitted as to venue purposes only; otherwise, denied.

**Parties**

8.      Without knowledge, therefore, denied.

9.      Without knowledge; therefore, denied.

10.     Admitted.

**Facts**

11.     Without knowledge; therefore, denied.

12.     Without knowledge; therefore, denied.

13.     Without knowledge; therefore, denied.

14.     Admitted that 5800 Philips Highway is currently zoned CCG-2. Otherwise, the City expressly refers to the Jacksonville Municipal Code cited in Paragraph 14 for its terms and denies all allegations of Paragraph 14 to the extent such allegations are inconsistent therewith.

15.     The City expressly refers to the Jacksonville Municipal Code cited in Paragraph 15 for its terms and denies all allegations of Paragraph 15 to the extent such allegations are inconsistent therewith.

16.     Without knowledge; therefore, denied.

17.     Without knowledge; therefore, denied.

18.     Without knowledge; therefore, denied.

## City of Jacksonville Municipal Regulations

19.     The City expressly refers to the Jacksonville Municipal Code cited in Paragraph 19 for its terms and denies all allegations of Paragraph 19 to the extent such allegations are inconsistent therewith.

20.     The City expressly refers to the Jacksonville Municipal Code cited in Paragraph 20 for its terms and denies all allegations of Paragraph 20 to the extent such allegations are inconsistent therewith.

21.     The City expressly refers to the Jacksonville Municipal Code cited in Paragraph 21 for its terms and denies all allegations of Paragraph 21 to the extent such allegations are inconsistent therewith.

22.     The City expressly refers to the Jacksonville Municipal Code cited in Paragraph 22 for its terms and denies all allegations of Paragraph 22 to the extent such allegations are inconsistent therewith.

23.    The City expressly refers to the Jacksonville Municipal Code cited in Paragraph 23 for its terms and denies all allegations of Paragraph 23 to the extent such allegations are inconsistent therewith.

## Redevelopment of the Property

24.    Without knowledge; therefore, denied.

25.    Without knowledge; therefore, denied.

26.    Without knowledge; therefore, denied.

27.    Without knowledge; therefore, denied.

28.    Without knowledge; therefore, denied.

## Zoning Applications

29.    Denied. Plaintiff's application speaks for itself.

30.    Denied. Plaintiff's application speaks for itself.

31.    Denied. Plaintiff's application speaks for itself.

32.    Admitted that Exhibits A, B and C to the Complaint are Planning Department reports. The Staff Reports on these applications speak for themselves; otherwise denied.

33.    The AD-14-01 Report speaks for itself, otherwise denied.

34.    The E-14-06 Report speaks for itself, otherwise denied.

35.    The WLD-14-02 Report speaks for itself, otherwise denied.

36.    Admitted.

37.    The Transcript of the City of Jacksonville Planning Commission of the May 22, 2014 hearing speaks for itself, otherwise denied.

38.    The Transcript of the City of Jacksonville Planning Commission of the May 22, 2014 hearing speaks for itself, otherwise denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Admitted that Exhibit E to the Complaint is a Dancing Entertainment Premises License; however, the document speaks for itself; therefore, denied.

43.     Denied.  It is unclear what is meant by "zoning application."

44.     Admitted that applications were submitted in 2015 concerning 5800 Philips Highway.  Those applications speak for themselves; therefore, denied.

45.     Admitted.

46.     The Transcript of the City of Jacksonville Planning Commission of the August 6, 2015 hearing speaks for itself, otherwise denied.

47.     The Transcript of the City of Jacksonville Planning Commission of the August 6, 2015 hearing speaks for itself, otherwise denied

48.     Admitted.

## Defendant Acting Under Color of State Law

49.     The City expressly refers to the United States Code and the First and Fourteenth Amendments to the Constitution cited in Paragraph 49 for its terms and denies all allegations of Paragraph 49 to the extent such allegations are inconsistent therewith.

## Attorneys' Fees

50.     The City expressly refers to the United States Code cited in Paragraph 50 for its terms and denies all allegations of Paragraph 50 to the extent such allegations are inconsistent therewith.

<u>COUNT I</u>
**Temporary and Permanent Injunction**

51.     The City realleges its responses to paragraphs 1 through 50 as though fully set forth herein.

52.     The City expressly refers to Title 28 of the United States Code cited in Paragraph 52 for its terms and denies all allegations of Paragraph 52 to the extent such allegations are inconsistent therewith.

53.     Denied.

54.     The City expressly refers to the City's zoning code concerning all requirements for submission of zoning applications and denies all remaining allegations of Paragraph 54.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied. Exhibits A, B & C do not contain "Plaintiff's application."

60.     The Transcript of the City of Jacksonville Planning Commission of the May 22, 2014 hearing speaks for itself, otherwise denied.

61.     The City expressly refers to the Jacksonville Municipal Code cited in Paragraph 61 for its terms and denies all allegations of Paragraph 61 to the extent such allegations are inconsistent therewith. The Staff Reports speak for themselves; otherwise, denied.

62.     The Transcript of the City of Jacksonville Planning Commission of the May 22, 2014 hearing speaks for itself, otherwise denied.

63.    The City expressly refers to the Jacksonville Municipal Code cited in Paragraph 63 for its terms and denies all allegations of Paragraph 63 to the extent such allegations are inconsistent therewith.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Without knowledge; therefore, denied.

68.    Without knowledge; therefore, denied.

69.    Denied.

70.    Without knowledge, therefore, denied.

71.    Without knowledge; therefore, denied.

72.    The City expressly refers to the First Amendment to the United States Constitution cited in Paragraph 72 for its terms and denies all allegations of Paragraph 72 to the extent such allegations are inconsistent therewith.

73.    Denied.

74.    Denied.

## COUNT II
### Temporary and Permanent Injunction

75.    The City realleges its responses to paragraphs 1 through 50 as though fully set forth herein.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

## COUNT III
## Lost Business Opportunities

80.     The City realleges its responses to paragraphs 1 through 50 as though fully set forth herein.

81.     Without knowledge; therefore, denied.

82.     Without knowledge; therefore, denied.

83.     Without knowledge; therefore, denied.

### AFFIRMATIVE, SPECIAL AND/OR ALTERNATIVE DEFENSES

1.      The City alleges that Plaintiffs' Complaint and each cause of action therein fails to state a cause of action against the Defendant upon which relief can be granted.

2.      The Plaintiffs' claims are not ripe for adjudication because of Plaintiffs' failure to exhaust all administrative remedies regarding the 2014 application and because there has been no final action on the 2105 application.

3.      The Plaintiffs' claims are barred because none of the City's legitimate government purposes served by the challenged ordinance were false or pretextual.

4.      The Plaintiffs' claims are barred by the doctrine of res judicata due to their failure to appeal the 2014 denial.

5.      The Plaintiffs' claims are barred because the challenged action is a legitimate exercise of the City's zoning powers, furthered legitimate and bona fide government interests, and has a rational basis.

6.      The City is entitled to attorneys' fees and costs pursuant to 42 U.S.C. §§1988, 3613, or 12205.

7.      The City alleges that Plaintiffs have failed to state a claim for injunctive relief because Plaintiffs have not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of the City, nor is there any other threat of irreparable harm.

8.      The City reserves the right to assert other defenses or to further allege additional facts to substantiate the defenses asserted herein as discovery proceeds, or both.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Jason R. Teal*

**JASON R. TEAL**
**DEPUTY GENERAL COUNSEL**
Florida Bar No.: 157198
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: (904) 630-1700
Facsimile: (904) 630-1316
jteal@coj.net
Attorney for Defendant, City of Jacksonville

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of March 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notices of the electronic filing to: Christopher W. Wickersham, Jr., Esq., Law Offices of C.W. Wickersham, Jr., P.A., Whiteway Building, Suite 205, 2720 Park Street, Jacksonville, Florida 32205 at: pleadings@chriswickersham.com and Amir R. Tahmassebi, Esq., Konicek & Dillon, P.C., 21 West State Street, Geneva, Illinois 60134 at: amir@konicekdillonlaw.com. I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

*/s/ Jason R. Teal*

Jason R. Teal
Deputy General Counsel