UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAVERANUES COLES and
TROUBLE LIVIN LIFE LLC,

    Plaintiffs,

vs.   Case No. 3:15-cv-1521-J-34PDB

CITY OF JACKSONVILLE,

    Defendant.
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion for Reconsideration of the Court's December 7, 2017 Order (Doc. 65, Motion), filed December 18, 2017. In the Motion, Plaintiffs Laveranues Coles and his associated company, Trouble Livin Life, LLC (collectively Coles), seek reconsideration of the Order (Doc. 64, Order), filed December 7, 2017, in which the Court granted summary judgment in favor of the Defendant, City of Jacksonville (City). In the Order, the Court determined that because Coles had not received a final decision from the City on his zoning exception applications, his claims were not ripe. Additionally, the Court found that Coles had failed to show that obtaining a final decision from the City was futile, thereby otherwise excusing him from presenting a ripe controversy to the Court. See generally Coles v. City of Jacksonville, No. 3:15-cv-1521-J-34PDB, 2017 WL 6059661 (M.D. Fla. Dec. 7, 2017).[1] Coles asserts that the Court's Order was "in error" and "incorrect," see Motion at 2, 3, and requests that the

---

[1] The facts of this case are laid out in detail in the Court's Order, Coles v. City of Jacksonville, No. 3:15-cv-1521-J-34PDB, 2017 WL 6059661 (M.D. Fla. Dec. 7, 2017), and will not be repeated here.

1

K&D 000352

Court vacate the Order and permit the matter to proceed to trial. Id. at 1. On December 27, 2017, the City filed a Response to Coles' Motion (Doc. 66, Response), broadly asserting that Coles failed to sufficiently argue why reconsideration was warranted. Accordingly, this matter is ripe for review.

A motion to alter or amend a judgment may be filed pursuant to Federal Rule of Civil Procedure 59(e), (Rule(s)).[2] Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). However, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Notably, "to reconsider a judgment, there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a 'strongly convincing nature' to induce the court to revise its prior decision." Williams v. Cruise Ships Catering & Serv. Int'l. N.V., 320 F. Supp. 2d 1347, 1358 (S.D.

---

[2] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). Nevertheless, it is widely recognized that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

2

Fla. 2004) (quoting Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)). Indeed, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

In the instant Motion, Coles raises several arguments in support of his request that the Court should reconsider the Order, vacate it, and permit this controversy to proceed to trial. He specifically challenges the Court's decision not to evaluate his procedural due process claim; the Court's ripeness and futility determinations; the Court's decision that Coles needed to apply for an additional distance zoning variance; and the Court's alleged failure to acknowledge the applicability of a zoning grandfather clause to Coles' case. Motion at 4-8; 8-13; 13-14; 15-16. With each argument, Coles asserts that the Court's decisions were based on "errors of law or fact." Id. at 2, 3. However, upon considered review of Coles' Motion, the Court concludes that at most, Coles is attempting to "relitgate old matters." Michael Linet, Inc., 408 F.3d at 763. As such, the Motion will be denied.

Coles first argues that the Court erred in ruling that he failed to allege a procedural due process violation. Coles also asserts that the Court failed to address his arguments

3

K&D 000354

and erred in determining that the claim was not ripe. Motion at 3, 4-8. Coles frames these arguments by referring to the Court's statement in the Order indicating that

> [i]n his response to the City's Motion, Coles argues for the first time that the City violated his procedural due process rights. . . . [This] argument [is] not properly before the Court. Coles cannot interject [a] new cause[] of action against the City in his response to its motion for summary judgment. See Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with FED.R.CIV.P. 15(a). A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment.") (citation omitted)). As such, the Court will not address these new claims.

Coles, 2017 WL 6059661 at *7 n.10. Coles argues that "this statement is incorrect . . . [and that his] Complaint alleges Defendants violated [his] First and Fourteenth Amendment rights based on the improper denial of the applications." Motion at 4.

In the relevant portions of his Complaint, Coles asserts that the City failed to grant his requested zoning exceptions based on the City's alleged disdain for Coles' intended use of the property – i.e., a dancing entertaining establishment (DEE) serving alcohol (otherwise known as a "bikini bar."). Indeed, he asserts that

> [t]he City's denial of [his] applications . . . [were] based upon the City's distaste or dislike of the speech that Plaintiffs anticipated would be conducted on the premises once the applications had been approved. Such denial, based on the content of the speech and the type of expressive dancing is an unlawful infringement and prior restraint on Plaintiffs' free speech rights and those of their patrons and performers.

Doc. 1 at ¶ 65 (Complaint), filed Dec. 28, 2015. These allegations describe a substantive due process or an "as applied" challenge to the application of the City's zoning code to Coles, see e.g., Restigouche, Inc. v. Town of Jupiter, 59 F.3d 1208, 1212 (11th Cir. 1995) (citing Eide v. Sarasota County, 908 F.2d 717, 720-26 (11th Cir. 1990)); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1574, 1578 (11th Cir. 1989); the City responded to

4

K&D 000355

the allegations as such, and the Court ultimately adjudicated that claim. See Coles, 2017 WL 6059661 at *7, 9-10; Doc. 50 at 5-6 (Defendant's Motion for Summary Judgment), filed May 1, 2017.

It is true that in Coles' response to the City's Motion for Summary Judgment, he attempted, for the first time, to articulate a procedural due process argument, while also maintaining his substantive due process claim. See Doc. 57 at 10-16, 16-18 (Coles' Summary Judgment Motion Response), filed May 18, 2017. As noted by the Court in its original Order, "[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with FED.R.CIV.P. 15(a). A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment." Coles, 2017 WL 6059661 at *7 n.10 (citations omitted). Here, Coles has failed to establish that the Court committed clear error in declining to consider his belated procedural due process claim. Additionally, to the extent that Coles challenges the Court's ripeness analysis, he simply reiterates the law and facts raised in his summary judgment pleadings, and likewise fails to demonstrate how the Court's ruling was in error, much less "clear error" or represented a "manifest injustice." Lamar Advertising of Mobile, Inc., 189 F.R.D. at 489.

Next, Coles argues that the Court erred in ruling that he failed to present sufficient evidence that any attempt on his part to seek a final decision from the City on his zoning exceptions would be futile. Motion at 3-4, 8-13. In large measure, the arguments Coles presents in his Motion on this issue restate the positions he presented to the Court on summary judgment, and hence represent an attempt to "relitgate old matters." Michael Linet, Inc., 408 F.3d at 763.

5

K&D 000356

In this context, Coles also challenges the limited consideration the Court gave to the testimony of his proffered expert, Paul M. Harden, who opined that it would be futile for Coles to seek additional zoning variances as directed by the City's ultimate zoning decision maker, the LUZ Committee. See Doc. 52-22 at 2-3 (Expert Report of Paul M. Harden). However, Mr. Harden's opinion regarding whether it was futile for Coles to seek additional zoning variances was not supported by either the law or facts before the Court. The LUZ Committee advised Coles that it was unable to make an ultimate ruling on his request for zoning exceptions because he needed to apply for an additional distance variance. Coles, 2017 WL 6059661 at *6. Coles never submitted the request for that additional variance to the City zoning commission, which at most, would render a non-binding recommendation to the LUZ Committee. Id. at *4, 6. While the record certainly shows that members of the intermediate zoning commission were not in common agreement regarding Coles' requests for zoning exceptions, id. at *5-6, 13, the record does not support an inference that the ultimate decision maker, the LUZ Committee, had "dug in its heels, and made clear that all such applications [would] be denied." Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 349 (2d Cir. 2005); see also Gilbert v. City of Cambridge, 932 F.2d 51, 61 (1st Cir. 1991) (While "futility can excuse a plaintiff's eschewal of a permit application, the mere possibility, or even the probability, that the responsible agency may deny the permit may not be enough to trigger the excuse. To come within the exception, a sort of inevitability is required: the prospect of refusal must be certain (or nearly so)."). Coles' attempt to create an issue of fact by presenting Harden's speculative and unsupported opinion did not present more than a scintilla of evidence and failed as a matter of law.

6

K&D 000357

Coles also argues that reconsideration is warranted because the Court erred in ruling that he needed to apply for the additional distance exception. Motion at 4, 13-14. In his summary judgment filings, Coles laid out an argument for why the additional distance exception was not relevant to his application for zoning exceptions. See Coles Summary Judgment Motion Response at 14-15. The Court addressed those arguments in detail in its Order. Coles, 2017 WL 6059661 at *13. In his current Motion, Coles simply reasserts his previously raised arguments. Motion at 13-14. As with his earlier challenges to the Court's Order, Coles is attempting to "relitgate old matters," Michael Linet, Inc., 408 F.3d at 763, and has failed to show clear error or manifest injustice.

Finally, Coles contends that the Court erred in failing to analyze the applicability of the zoning code's grandfather clause, Jacksonville, Florida Ordinance Code § 656.110(h) (City Code), to his application for a zoning exception. Motion at 4, 15-16. In Coles' Summary Judgment Response, he asserted that pursuant to City Code section 656.110(h), and because the property had allegedly been used in the past in a manner that matched Coles' planned use for the property, any zoning exceptions already granted to the property ran with the land, thereby precluding Coles' need to seek the exceptions. Coles' Summary Judgment Response at 18-19. What Coles overlooks is that to the extent that the zoning grandfather clause might apply to his zoning applications, another section of the City Code limits the applicability of section 656.110(h). In section 656.136(c), the City Code provides that

> [a] zoning exception, variance or waiver shall be transferable and run with the land, except has hereinafter specifically provided . . . . When the use requires licensure or other approvals by the State or any other governmental entity, such as a liquor license approval . . . the zoning exception, variance or waiver granted in connection with such use shall not

7

be transferrable and shall be granted to the applicant or State license holder.

City Code at § 656.136(c). The Court discussed this authority in its Order where it stated

> [t]he record contains some suggestion that prior to Coles' rental of the Property, it had functioned as a fully licensed bikini bar with all requisite zoning approvals and exceptions. From this, it appears that Coles may have presumed initially that because the Property previously had received zoning exceptions permitting it to operate as a DEE serving alcohol, he too could continue that use without seeking additional zoning exceptions. However, the Jacksonville, Florida Ordinance Code (the Code), section 656.136(c), directs that zoning exceptions associated with liquor license approval do not run with the land, but rather must be granted to the specific applicant. Code § 656.136(c). Therefore, the applicable City Ordinance required Coles to seek a zoning exception for the service of alcohol on the Property.

Order at *3 n.6. (internal citations omitted). In challenging the Court's analysis of this argument, Coles does not present anything beyond the original arguments he presented to the Court, nor has he shown clear error or manifest injustice. As such, the Court will not reconsider this claim.

To conclude, in his Motion, Coles generally relitigates arguments previously considered by the Court. He has not identified any manifest injustice or clear error warranting reconsideration of the Court's Summary Judgment Order. Accordingly, it is hereby **ORDERED**:

Plaintiffs' Motion for Reconsideration of the Court's December 7, 2017 Order (Doc. 65) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of April, 2018.

*[signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

K&D 000359

lc26

Copies to:

Counsel of Record

K&D 000360