[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11736
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-01521-MMH-PDB

LAVERANUES COLES,
an Individual,
TROUBLE LIVIN LIFE LLC,
a Florida Limited Liability Company,

                     Plaintiffs-Appellants,

versus

CITY OF JACKSONVILLE,
a Florida Municipal corporation,

                     Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 24, 2019)

COLES 000034

Before ED CARNES, Chief Judge, and JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Laveranues Coles filed suit against the City of Jacksonville under 42 U.S.C. § 1983 claiming that the City's zoning decisions regarding his business violated his First and Fourteenth Amendment rights. The district court granted the City's motion for summary judgment and dismissed Coles' claims without prejudice for lack of subject matter jurisdiction because it found that Coles' failure to complete the City's zoning appeals process rendered his complaint unripe.[1] Coles now appeals.

I.

Coles leased a property in Jacksonville in 2013 with the intent of opening a "bikini bar" that would feature non-nude dancing and sell alcohol. Coles spent hundreds of thousands of dollars renovating the property and purchasing liquor licenses in preparation for opening the bikini bar. In early 2014 he opened the property as a restaurant while he attempted to obtain three zoning exceptions. At the time he rented the property, Coles was permitted to operate a dancing entertainment establishment as of right without selling alcohol, but he needed a

---

[1] The district court's order simultaneously granted the City's motion for summary judgment and dismissed the case without prejudice. Because the ground for summary judgment was identical to the basis for dismissal — the lack of subject matter jurisdiction — the two are not inconsistent.

2

zoning exception in order to sell alcohol. He also needed an exception to use the entire square footage of the property without providing additional parking. Finally he needed a waiver of local minimum distance requirements because of the location's proximity to two nearby churches.

To obtain a zoning exception, city law requires applicants to submit an application to the City Planning and Development Department. The Department then issues an advisory report to the City Planning Commission. The Commission must then hold a public hearing and render a decision. An applicant can appeal an adverse decision to the City Council through its Land Use Zoning Committee (LUZ Committee).

Coles filed applications for these three exceptions in December 2013 and January 2014. The Development Department issued a favorable report, but the Planning Commission rejected Coles' applications after hearing from two community members who expressed concern about parking and the effect the bikini bar would have on development in the neighborhood. Coles did not appeal this decision to the LUZ Committee, but instead filed new applications the following year.

In August 2015 the Planning Commission held another hearing. The Development Department again spoke favorably about the applications while community members voiced the same concerns. The Commission voted to defer

3

the matter until their next meeting two weeks later and instructed Coles to work with the Development Department to address parking concerns in the interim.

At the next Planning Commission meeting Coles presented parking agreements he had made with neighboring businesses. But the Commission continued to have concerns about parking and the increased number of adult businesses in the area and rejected Coles' applications. This time Coles appealed the decision to the LUZ Committee. The Committee found that Coles needed to apply for an additional exception because the City had recently enacted new distance requirements between bikini bars and other adult entertainment establishments. The Committee remanded the matter back to the Planning Commission and gave Coles sixty days to file an application for an additional exception.

Coles took no further local action, but instead filed a complaint in federal court. Coles brought an as-applied challenge to the Zoning Code, contending that the denial of his requested exceptions violated his substantive due process rights because it was based on discrimination against his planned speech. The district court dismissed the case without prejudice for lack of subject-matter jurisdiction after determining the complaint was unripe because Coles had not obtained a final decision from the City. Coles filed a motion for reconsideration, which the district court denied. He now appeals.

II.

We review de novo a district court's decision to grant summary judgment, drawing "all reasonable inferences in the light most favorable to the non-moving party." Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2011). Summary judgment may be granted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509–10 (1986) (quotation marks omitted). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S. Ct. at 2510. "The ripeness of a claim is a legal question that we review de novo." Temple B'Nai Zion, Inc. v. City of Sunny Isles Beach, 727 F.3d 1349, 1356 (11th Cir. 2013).

III.

Coles first challenges the district court's determination that it did not have subject-matter jurisdiction over his complaint because his claims were unripe.[2] We

---

[2] In its reply brief the City asserts that we do not have appellate jurisdiction to consider this issue because the district court's dismissal without prejudice was not a final order. It was. The City argues that there was no final judgment because the district court dismissed Coles' complaint without prejudice and he is free to file another complaint after exhausting his administrative remedies. That a dismissal is without prejudice does not render it non-final and unappealable. See Hertz Corp. v. Alamo Rent-A-Car, 16 F.3d 1126, 1133 n.14 (11th Cir. 1994) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2376

5

COLES 000038

have held that when a plaintiff brings an as-applied due process challenge to a municipality's zoning decision, the claim "is not ripe until the decision denying commercial zoning has been finally made and applied to the property." Eide v. Sarasota County., 908 F.2d 716, 726 (11th Cir. 1990). A final zoning decision by the municipality is a prerequisite for a federal suit because "zoning is a delicate area where a [municipality]'s power should not be usurped without giving the [municipality] an opportunity to consider concrete facts on the merits prior to a court suit." Id. at 726 n.17. When a municipality's "variance process explicitly provides for an 'appeal' to the authoritative local decisionmaker . . . the appeal must be fully pursued before any definitive 'final' decision occurs." Reahard v. Lee County., 30 F.3d 1412, 1416 n.10 (11th Cir. 1994).

Here it is plain that a final decision was never reached because Coles abandoned the process in favor of this federal suit after the LUZ Committee remanded his applications back to the Planning Commission. City law is clear that Coles had other avenues for seeking relief, and it is undisputed that he did not pursue them. See id.

Coles' argues that his claims are ripe because the City's non-final decisions denying his applications were not supported by substantial evidence and were

---

(1971)) ("A dismissal is a final order, and appealable as such, whether it is with or without prejudice.").

6

instead motivated solely by bias toward the type of speech his bikini bar would feature. Even if these claims were supported by the record, they are beside the point. We cannot determine whether the City's treatment of Coles' applications violated his constitutional rights because the City never had an opportunity to make a final decision. Regardless of Coles' perception that the local zoning process was biased and dilatory, he was obligated to complete that process before bringing a federal suit.

## IV.

Coles next argues that even if his complaint is unripe he is entitled to an exception under the futility doctrine. "An exception to the final decision requirement exists where it would be futile for the plaintiff to pursue a final decision." Strickland v. Alderman, 74 F.3d 260, 265 (11th Cir. 1996). When discussing futility in other contexts we have noted that "[t]he burden of demonstrating futility is on the party seeking [an] exemption." M.T.V. v. Dekalb Cty. Sch. Dist., 446 F.3d 1153, 1159 (11th Cir. 2006) (discussing futility in the context of a federal disability suit when the plaintiffs had failed to exhaust administrative remedies).

We are not convinced that it would have been futile for Coles to complete all necessary exemption applications and obtain a final decision from the City. Coles' primary argument seems to be that the LUZ Committee was certain to ultimately

7

reject his applications because the Planning Commission had rejected his applications in the past. But the LUZ Committee never had an opportunity to consider a complete application from Coles and the intermediate decisions of the Planning Commission do not show with certainty that the LUZ Committee would have rendered a final decision against Coles.

The only evidence Coles presents that his application would have ultimately been rejected other than the prior decisions of the Planning Commission is the report of an expert witness, Paul Harden. Harden is an attorney and zoning lobbyist who claims to have extensive experience before the City's zoning authorities. In his report Harden wrote that:

> Based on my experience and the Planning Commissions prior decisions, any attempt to seek additional exceptions or waivers from the Planning Commission after the matter was remanded by the LUZ Appeal Board would have been futile. And given the history any further appeal after remand would not likely have resulted in a favorable decision for the Plaintiffs.

As the district court noted, this testimony is highly speculative and does not address "the undisputed fact that Coles had to address the distance requirement imposed by the Code in order to submit a complete application." The City's final decisionmaker never had a single opportunity to review such a complete

8

application, and the adverse non-final decisions of an intermediate body are insufficient to establish that it would have been futile to provide one.[3]

**AFFIRMED.**

---

[3] Coles also challenges the district court's order denying his motion for reconsideration, which we review only for abuse of discretion. Corwin v. Walt Disney World Co., 475 F.3d 1239, 1254 (11th Cir. 2007). In doing so he raises the same issues regarding the ripeness of his claims that we have rejected under de novo review, and also seeks to inappropriately relitigate old matters disposed of in the district court's order granting summary judgment. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (noting that a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment") (quotation marks omitted). The only new issue Coles presents is whether the district court abused its discretion in determining that he improperly raised procedural due process claims for the first time in his reply to the City's motion for summary judgment. It did not.

COLES 000042