|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE<br>FOURTH JUDICIAL CIRCUIT IN<br>AND FOR DUVAL COUNTY, FLORIDA |
| LAVERANUES COLES, an individual, and<br>TROUBLE LIVIN LIFE LLC, a Florida<br>Limited Liability Company, | |
|     Plaintiffs, | |
| v. | CASE NO: |
| CITY OF JACKSONVILLE, | |
|     Defendant.<br>_____/ | |

## **CORRECTED COMPLAINT**

Plaintiffs, LAVERANUES COLES and TROUBLE LIVIN LIFE, LLC (collectively, the "Plaintiffs"), by and through undersigned counsel, sue Defendant, the City of Jacksonville, and state:

### **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Laveranues Coles, is an individual residing in the State of Florida and is the managing member of Trouble Livin Life, LLC.

2. Plaintiff, Trouble Livin Life, LLC, is a Florida Limited Liability Company that sought to operate a restaurant and what is defined as a "dancing entertainment establishment" at the Property located at 5800 Philips Highway, Jacksonville, Florida (hereinafter, the "Property").

3. Defendant, City of Jacksonville, is a Florida consolidated municipal organization, organized and operating under the laws of the State of Florida.

4. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and fees.

5. Venue is proper because the City of Jacksonville is located within Duval County,

Florida.

## FACTS

6. In 2013, Plaintiffs entered into a lease agreement with HI, LLC, the owners of the Property located at 5800 Philips Highway, Jacksonville, Florida ("the Property"), with the intention of operating a restaurant and dance entertainment establishment at that location.

7. The property at 5800 Philips Highway is zoned Commercial Community/General-2 (CCG-2).

8. Prior to the entry of the lease, the Property had previously been used as a bikini bar/nightclub and/or bar since approximately 1967.

9. In anticipation of making use of the Property for a restaurant and dance entertainment establishment, Plaintiffs spent over $500,000 to redevelop the Property, including engaging in substantial renovations to the building, eliminating the city code violations, and purchasing a liquor license.

10. In effecting these renovations, Plaintiffs, applied for and received a number of building and electrical permits from the City.

11. The City's Building Inspection Department and Fire Marshall approved Plaintiffs' application for a certificate of use.

12. Plaintiffs applied for a dancing entertainment establishment license with the Jacksonville Sheriff's Office on December 17, 2013.

13. On January 7, 2014, the Office of the Sheriff of the City of Jacksonville issued a license to Plaintiffs for the operation of a dancing entertainment premises at the Property. Plaintiffs note the dates on the license states January 7, 2013 but this is in error because Plaintiff had no involvement in the Property at the time.

14. The Dancing and Entertainment License issued was not to expire until September 30, 2014 and the Defendant represented through it agents that the Dancing and Entertainment License would be renewed. Plaintiffs conducted substantial renovations on the property and business operations in reliance the Dancing and Entertainment License issued.

15. On or about January 24, 2014, Plaintiffs applied for an exception, administrative deviation, and administrative waiver allowed under the applicable zoning ordinances to permit the operation of a dance entertainment establishment with the on-site service of alcoholic beverages for on-premises consumption.

16. The three applications by Plaintiffs sought: 1) an exception under Section 656.313(A)(V)(c) of the City of Jacksonville Municipal Code to permit a dancing entertainment establishment to serve alcohol; 2) a waiver of the 1500 foot minimum distance requirement set forth in Section 656.805(c) of the City of Jacksonville Municipal Code; and 3) an exception to reduce the number of parking spaces at the establishment from 297 to approximately 180. The Defendant represented that such applications were necessary and Plaintiff relied on these representations. Section 656.110(h) ("Grandfather Clause") rendered these applications unnecessary. Plaintiff relied on Defendant's representation relating to the applications submitted.

17. The City of Jacksonville's Staff Reports from the Planning & Development Department on Plaintiffs' zoning applications recommended approval of all three requests subject to two conditions.

18. The Department's report on the application for an exception noted that the property was already in compliance with the report's recommendations and recommended approval of the application with two conditions, one related to landscaping and the other

prohibiting pylon signage.

19. Plaintiffs' zoning applications were heard on May 22, 2014 before the City of Jacksonville Planning Commission and the Chief of the City's Planning and Development Division spoke in favor of approving Plaintiffs' applications.

20. At the conclusion of the May 22, 2014 hearing, all three of Plaintiffs' applications were denied on the basis that Plaintiffs' anticipated use was inconsistent with the City's objectives for the area and that it was "retro-development."

21. In May of 2014, the Dancing and Entertainment License previously issue and not set to expire until September of 2014 with an promise of renewal was unexpectedly revoked by the City and the business was shut down.

22. In 2015, Plaintiffs re-applied for the necessary exemptions to operate a dance entertainment establishment with the service of alcohol for on-premises consumption. These applications were heard by the Planning Commission on August 6, 2015.

23. At the August 6, 2015 hearing, the Interim Chief of Current Planning for the City, Mr. Bruce Lewis, spoke in favor of permitting the exceptions and noted that the Staff Reports reviewing the Plaintiffs' applications also recommended approval.

24. At the conclusion of the hearing, the Planning Commission denied Plaintiffs' renewed applications.

25. Defendant was aware of the Plaintiffs' intended use of the property as a dancing entertainment establishment no later than December of 2014.

## COUNT I
### Promissory Estoppel

26. Plaintiffs re-allege and re-incorporate Paragraphs 1 through 25 of their Complaint as though fully set forth herein.

27. Plaintiffs had a reasonable expectation that the Defendant City of Jacksonville would deal with them fairly and uphold their representations.

28. Defendant City of Jacksonville made misrepresentations of material facts, including but not limited to:

    a. That the intended use of the Property as a dance entertainment establishment was an acceptable use;

    b. Approving and issuing building permits, electrical permits, and a certificate of use as to the Property;

    c. Approving and issuing a license for the operation of a dance entertainment establishment through the Jacksonville Sheriff's Office; and

    d. Otherwise representing that Plaintiffs would be able to operate their intended business on the Property.

29. The Defendant City of Jacksonville should reasonably have expected to induce action or forbearance on the part of Plaintiffs, including but not limited continued expenditure of monies on the redevelopment of the Property in anticipation of the use of the Property as a dance entertainment establishment.

30. Defendant City of Jacksonville's misrepresentations did induce such action or forbearance by Plaintiffs, including the redevelopment of the Property and preparation for the operation of a dance entertainment establishment at the Property.

31. The representations regarding the appropriateness of the development on the Property and the authorization to continue such development were affirmative acts and representations, beyond mere negligence.

32. The Defendant ultimately denied Plaintiffs the opportunity and ability to operate their intended business on the Property by denying the zoning applications, despite Defendants' prior knowledge of the intended use, on the basis that permitting Plaintiffs' intended use was "retro-development."

33. As a result of this action and/or forbearance undertaken by Plaintiffs based upon Defendant's misrepresentations, Plaintiffs suffered consequences to their detriment and incurred damages, including but not limited to:

    a. The loss of over $500,000 in redevelopment costs; and

    b. Lost business opportunities and revenue from the operation of a dance entertainment establishment at the Property.

34. As a result of the Defendant's conduct, Plaintiff has suffered a serious injustice in the loss of significant investment, time and effort, the loss of the operation of their business on the Property, and the loss of the expected future revenue from the operation of the business on the Property.

**WHEREFORE**, Plaintiffs, LAVERANUES COLES and TROUBLE LIVIN LIFE, LLC, pray for judgment in their favor and against the Defendant, THE CITY OF JACKSONVILLE in an amount to exceed $50,000, plus interest, costs of suit, and all other relief this Court deems just and proper.

Dated: December 22, 2017.

Respectfully submitted,

**KAPLAN YOUNG & MOLL PARRÓN PLLC**
Brickell World Plaza
600 Brickell Avenue, Suite 1715
Miami, Florida 33131
Tel: (305) 531-2424
Fax: (305) 531-2405

By: *s/ Justin B. Kaplan*
Justin B. Kaplan, Esq.
Fla. Bar No. 33725
jkaplan@kymplaw.com
Jessica D. Haayen, Esq.
Fla. Bar No. 92760
jhaayen@kymplaw.com