Filing # 134387823 E-Filed 09/10/2021 04:05:44 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:    16-2017-CA-7868
DIVISION:    CV-B

LAVERANUES COLES, an individual, and.
TROUBLE LIVING LIFE LLC, a Florida
Limited Liability Company,

      Plaintiffs,

      v.

CITY OF JACKSONVILLE,

      Defendant.

_____/

## ORDER GRANTING CITY OF JACKSONVILLE'S
## MOTION FOR SUMMARY JUDGMENT

This cause has come before the Court after a hearing on the City of Jacksonville's Motion·

for Summary Judgment held on May 19, 2021. The Court, having heard argument from counsel

and having reviewed the extensive record in this case, now makes the following findings based on

the undisputed or uncontradicted material facts:

    1.    Plaintiffs, Laveranues Coles and the company he owns and manages, Trouble Livin

Life, LLC, attempted to open a dancing entertainment establishment with the sale of alcohol in the

City of Jacksonville, also known as a "bikini bar."

    2.    Plaintiffs entered into a private lease for the property at 5800 Phillips Highway in

Jacksonville, Florida (the "Property") in 2013, intending to open the bikini bar, along with a

restaurant and a nightclub in the same building. The Property was zoned for commercial use.

COLES 000075

3.     Plaintiffs received construction permits, approvals from the City's Building Inspection Department and the Fire Marshall, and a dancing entertainment license from the Jacksonville Sheriff's Office ("JSO").[1]

4.     However, while they did not need additional zoning approvals to operate the restaurant and nightclub (and a dancing entertainment establishment without alcohol), Plaintiffs still needed City zoning approval to open a dancing entertainment establishment with the sale of alcohol and to address a parking deficiency resulting from the operation of all three businesses at once.

5.     In December 2013 and January 2014, Plaintiffs applied to the City for an exception, administrative deviation, and administrative waiver, all of which were required under the City's Zoning Code ("Zoning Code" or "Code") in order to operate their dancing entertainment establishment with the sale of alcohol. An exception, waiver and deviation were required for this Property in order to combine dancing entertainment with alcohol, to reduce the number of parking spaces at the establishment because it did not have sufficient on-site parking available for the three combined uses, and to waive the distance requirements in the Code.

6.     The record shows that the Plaintiffs understood they had to apply for a waiver of the minimum distance requirements between their bikini bar and two churches, pursuant to section 656.133 of the Code, as well as an administrative deviation to reduce the minimum number of parking spaces at the proposed bikini bar from the required 297 spaces to the available 180 spaces located on-site. Even more importantly, while Plaintiffs could have dancing entertainment, a

---

[1] Section 151.206 of the City's Ordinance Code sets forth the applicant's rights as to a JSO licensing decision and review of that decision, and specifically states that the applicant must go through the City's zoning requirements once a license is obtained from the JSO. In short, a preliminary license from JSO does not mean that the City will ultimately permit a bikini bar to be in operation on the premises. The JSO license is a separate step in the process.

COLES 000076

restaurant and a nightclub at the site as of right in their commercial district, they needed a zoning

exception to combine dancing entertainment with the sale of alcohol under section 656.313 of the

Code.[2]

7.      Plaintiffs attended multiple hearings before the various City bodies in pursuit of

their zoning exception, waivers and administrative deviation from the City. The transcripts from

those proceedings do not reflect that Plaintiff questioned the need for such approvals or indicated

that any City official had made representations that such approvals were not needed.

8.      The City's Planning and Development Department staff reports state that the

Property was originally a night club or bar but was being used as a restaurant at the time of the

Plaintiffs' applications.  However, while the City's staff recommended approval of the exception,

the City's Planning Commission denied the exception on May 22, 2014.  Plaintiffs did not pursue

an appeal of the denial to the City's Land Use and Zoning ("LUZ") Committee and City Council,

but instead re-applied for the necessary exception and waiver in 2015.[3]

9.      On August 6, 2015, the Planning Commission deferred its decision on the

Plaintiffs' applications because of lingering questions about Plaintiffs' means of resolving the

parking issues.  At this hearing, attended by Plaintiffs, the Planning Commission expressed

concern over issues of parking and security at the Property while also reacting favorably to the

applications.

---

[2] In the City, "dancing entertainment establishments," in combination with the sale of alcohol (making them "bikini bars") are only permitted by exception, but the City allows such establishments in many commercial areas (both CCG-1 and CCG-2) as of right without any zoning exception, if no alcohol is sold.

[3] Planning Commission decisions can be appealed to and can be affirmed, rejected or remanded back to the Planning Commission by the LUZ Committee, and then ultimately the full nineteen-member City Council.

3

COLES 000077

10. At another meeting on August 20, 2015, Plaintiffs presented the Planning Commission with a plan to address the parking. However, the Planning Commission denied the 2015 applications, expressing lingering concerns over parking, security and safety in the area given the intensity of the proposed use as a restaurant, nightclub and adult dancing entertainment establishment with alcohol sales within the same building.

11. Unlike the 2014 denials, Plaintiffs appealed the 2015 denials to the LUZ Committee of the Jacksonville City Council, which ultimately remanded the applications back to the Planning Commission because Plaintiffs failed to request a waiver of the new bikini bar distance limitation which was applicable to the adult dancing entertainment uses only. The LUZ Committee determined that an additional waiver was needed for the distance requirement between the Property and other adult-oriented establishments, which was a new Code requirement for bikini bars that had been enacted subsequent to Plaintiffs' 2013 applications. Nowhere in in the record from the LUZ Committee is there any evidence that Plaintiffs ever questioned that the applications were not necessary or that any City official had made representations such that the approvals were not needed.

12. Instead, with Plaintiffs' consent, the LUZ Committee voted in December 2015 to remand the matter back to the Planning Commission, including a condition upon remand that applications for any necessary waivers would be filed within sixty days of the LUZ Committee's action. No further action was taken by Plaintiffs on their 2015 applications.

13. Plaintiffs filed a federal complaint on December 28, 2015, alleging civil rights violations against the City. On December 12, 2017, the federal district court granted the City's motion for summary judgment and dismissed the federal case without prejudice. The court held that Plaintiffs never received a final decision from the City as to their 2015 applications, and thus

4

COLES 000078

they did not present a ripe controversy to the court. Nowhere in the federal district court's ruling is there any reference to Plaintiffs' reliance on the City's representations, promissory estoppel or any argument that none of the applications was necessary.

14.     Plaintiffs appealed the district court's decision to the Eleventh Circuit Court of Appeals, and on April 24, 2019, the Eleventh Circuit affirmed the lower court's decision. The Eleventh Circuit agreed with the district court that the Plaintiffs' failure to complete the City's zoning appeals process and obtain a final decision from the City in 2015 rendered their federal complaint unripe. There was no certainty that the LUZ Committee or City Council would have denied Plaintiffs' applications had they been completed. Again, nowhere in the Eleventh Circuit's ruling is there any reference to Plaintiffs' reliance on the City's representations, promissory estoppel or any argument that none of the applications were necessary.

15.     Plaintiffs filed this case on December 22, 2017, wherein they allege a single count for promissory estoppel under Florida law, based on alleged misrepresentations made by City representatives that the use of the Property as a dancing entertainment establishment with alcohol sales was acceptable and that Plaintiffs would be able to operate their intended business. Plaintiffs seek $500,000 in redevelopment costs and damages from "lost business opportunities and revenue" from the operation of their dancing entertainment establishment.

For the reasons set forth herein, the City's Motion for Summary Judgment is granted.

## Legal Conclusions

### A.     Plaintiffs' claim for promissory estoppel is not ripe.

Two federal courts have already held that Plaintiffs' federal claims were not ripe because in both 2014 and 2015, Plaintiffs never completed the application or appellate process (if necessary) to obtain a final decision from the City. The issues of finality, ripeness and futility have

5

already been fully litigated through a final judgment and affirmance by the federal courts, and thus these issues cannot be disputed or re-litigated. *See, e.g., M.C.G. v. Hillsborough Co.*, 927 So. 2d 224, 226-27 (Fla. 2d DCA 2006). *See also Pearce v. Sandler*, 219 So. 3d 961, 965 (Fla. 3d DCA 2017). The City cannot be estopped when it never had a chance to decide with finality whether it would permit a dancing entertainment establishment with the sale of alcohol at the Property. The City is entitled to judgment in its favor as a matter of law because Plaintiff's claim for estoppel is not ripe.

**B.      Plaintiffs had notice that they could not legally open a bikini bar.**

Promissory estoppel is a rare claim in equity under Florida law, used to enforce an otherwise unenforceable oral contract. Plaintiffs had to show that a promise was made by the City, by representatives with the authority to do so, which the City should reasonably have expected would induce action on the part of Plaintiffs, and which did induce action such that the promise should be enforced to prevent injustice. *See Advanced Marketing Systems Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 927 (Fla 4th DCA 2002), *citing W.R. Grace and Co. v. Geodata Svcs. Inc.*, 547 So. 2d 919 (Fla. 1989). Additionally, to prevail in their claim, Plaintiff's must show their reliance on the City's promise was reasonable and foreseeable.

In reviewing the facts in the light most favorable to Plaintiffs, Plaintiffs relied on assertions made by a planning employee with whom Plaintiffs' contractor met prior to commencing any work on the Property and a building inspector and a fire marshal who were at the Property to inspect construction work Plaintiffs were undertaking. Plaintiffs' contractor, Jason Braughton, testified at deposition that, while he was initially told by Mark Shelton, a City planning employee, that the proposed use as a bikini bar was approved, it was also communicated the next day that the statement of approval was changed and that Plaintiffs needed to seek the required exception,

6

COLES 000080

waivers and deviation approvals. This is the only evidence of any statement made by a City official. Braughton Dep. at 26, l. 4-8; 27-28. While the Property's proposed use may have been permissible within its heavily commercial zoning district, Braughton, an experienced contractor, clearly knew that an exception was needed for a dancing entertainment establishment with alcohol sales. *See* Braughton Dep. at 57, l. 2-5; 58, l. 8-12. Reliance on Shelton's initial (and rescinded) statement and ignoring his quick correction is therefore unreasonable.

The approvals the Plaintiffs needed on their zoning applications are required to be made through a quasi-judicial public hearing process and based only on competent, substantial evidence submitted at those hearings. *See Board of County Comm'rs v. Snyder*, 627 So.2d 469 (Fla. 1993). In the best of circumstances, it is unreasonable to rely on statements made by City inspectors who are completely disassociated with the City's zoning review and approval process to eliminate the need for a public hearing process before the City's elected and appointed planning officials. However, in this case, the undisputed record clearly shows that Plaintiffs fully understood that they needed approval from the City through its quasi-judicial process under the Code, and they cannot now claim they renovated the Property with the understanding from City officials that their bikini bar would be approved. Plaintiffs could not bypass the entire Code process and they knew this when they filed their applications with the Planning Department.

Plaintiff Coles indicated several times during his deposition that he understood the City's process for granting a bikini bar exception, and his personal attendance and testimony at City meetings to address concerns before the bikini bar could open is well documented in the record. The Plaintiffs twice filed applications for and fully participated in the City process of obtaining exceptions, deviations and waivers from the Planning Commission and the LUZ Committee. It is therefore clear that Plaintiffs did not rely on promises made by the City concerning the legal use

COLES 000081

of the Property as a bikini bar.

Furthermore, none of the City officials that Plaintiffs contend provided them with the authorization to proceed (and upon which they allegedly detrimentally relied) had the necessary authority to grant such approval and bind the City. There must be clear and convincing evidence of "a positive act on the part of some officer of the state upon which the aggrieved party had a right to rely and did rely to its detriment." *See Greenhut Constr. Co. v. Henry A. Knott, Inc.,* 247 So. 2d 517, 524 (Fla. 1st DCA 1971); *W.R. Grace and Co. v. Geodata Srvcs, Inc.,* 547 So. 2d 919, 925 (Fla. 1989). Here, Plaintiffs had no right to rely on any of the asserted oral representations. *Florida Dept. of Health and Rehab. Srvcs v. Law Offices of Donald W. Belveal,* 663 So. 2d 650 (Fla. 2d DCA 1995); *see also Frankenmuth Mut. Ins. Co. v. Magaha,* 769 So. 2d 1012 (Fla. 2000).

Even if Shelton or any other City employee made such a representation (including that alcohol could be sold at the dancing establishment), neither Shelton nor any other official could bind the City and allow Plaintiffs to bypass the entire City Code process to sell alcohol at the establishment and get the necessary waivers and parking deviation.

The City's Code makes it Plaintiffs' responsibility to comply with all zoning requirements before opening their adult establishment with alcohol. The Code specifies that the approvals the Plaintiffs needed had to be given by the Planning Commission in a quasi-judicial format which requires a public hearing, an opportunity for public comment, receipt of evidence at that public hearing, and a determination that all criteria for approval have been affirmatively demonstrated. City inspectors whose job it is to inspect work in the field to determine whether such work was completed in accordance with applicable building and fire codes were not in a position to throw out this public process and thereby bind the City. There was a clear and known risk that Plaintiff's

8

bikini bar would not actually be permitted to open at the Property (although Plaintiff deprived the City of a chance to make a final determination of the issue).

**C.     Plaintiffs' claim for promissory estoppel is barred by sovereign immunity.**

The City also argues that Plaintiffs' estoppel claim is barred by sovereign immunity. Plaintiffs argue that the City, in failing to raise sovereign immunity as an affirmative defense, has waived its right to raise it for the first time in its motion for summary judgment. Plaintiffs rely on several cases in which sovereign immunity was assertedly waived by operation of the limited waiver of sovereign immunity found in section 768.28, Florida Statutes. However, the City's contention is that claims for promissory estoppel have not been waived by the Florida Legislature in section 768.28, and therefore, pleading an affirmative defense for failure to strictly comply with the requirements of that section is irrelevant. The Court agrees.

Promissory estoppel against the government is generally barred by sovereign immunity unless there exist rare and exceptional circumstances where the claim is allowed to prevent a significant injustice. *See Trustees of Internal Imp. Fund v. Claughton*, 86 So. 2d 775 (Fla. 1956); *Fla. Dept. of Health v. Law Offices of Donald W. Belveal*, 663 So. 2d 650 (Fla. 2d DCA 1995). "Such rare and exceptional circumstances must include 'affirmative representations' or some 'positive act' on the part of a government officer on which a plaintiff has a right to rely." *See Woodburn v. Fla. Dept. of Children and Family Srvcs.*, 854 F. Supp. 2d 1184, 1205 (S.D. Fla. 2011) (citations omitted). Additionally, estoppel should not be invoked against the government in a way that interferes with the exercise of the government's sovereign power. *See id.; see also Claughton*, 86 So. 2d at 790 (estoppel "may be invoked even against the exercise of governmental powers where it is necessary to prevent manifest injustice and wrongs to private individuals;

9

COLES 000083

provided that the restraint placed upon such governmental body to accomplish such purpose does not interfere with the exercise of governmental power").

In this case, there are no extraordinary circumstances presented that would give the Plaintiffs the right to rely on the asserted oral representations of the City's employees that Plaintiffs could legally operate a bikini bar without the need to get the required zoning approvals. And even if there were such extraordinary circumstances, application of promissory estoppel based on oral statements made by City inspectors would serve to circumvent the required quasi-judicial hearings, eliminate opportunities for public participation in the decision, and remove an appellate review by the City's elected legislative body. Such a result would impermissibly interfere with the City's sovereign power. Thus, even if Plaintiffs had any evidence supporting their claim of promissory estoppel, such a claim would be barred by sovereign immunity.

Based on these findings of fact and law, it is

**ORDERED AND ADJUDGED**

Defendant City of Jacksonville's Motion for Summary Judgment is GRANTED. Final judgment is entered for Defendant City of Jacksonville and against Plaintiffs Laveranues Coles and Trouble Livin Life, LLC. The court reserves jurisdiction to consider a timely motion to tax costs. Plaintiffs shall take nothing by this action and Defendant shall go hence without day.

**DONE AND ORDERED** in Chambers at Jacksonville, Duval County, Florida on this

10 day of September, 2021.

KATIE L. DEARING
CIRCUIT COURT JUDGE

Copies via electronic filing to:

Counsel of record

10

COLES 000084